## Briggs *against* Briggs.

SHERWOOD, for the defendant, moved to set aside an inquest taken by default in this cause, on an affidavit, which stated that an inquest had been taken by default, &c. and that the defendant had " a good and substantial defence in the cause."

*Sedgwick*, contra, objected, that there was not a sufficient affidavit of merits. He cited *Jackson*, ex dem. *Russel*, v. *Stiles*, (3 *Caines*, 93.)

*Per Curiam.* In the case of *Jackson*, ex dem *Russel*, v. *Stiles*, there were peculiar circumstances, though not fully reported, which afforded strong reason to believe that there was really no defence on the merits, and that delay was the only object of the defendant. A *good* and *substantial* defence must mean a defence on the merits.

Rule granted.

*On a motion to set aside an inquest taken by default, an affidavit that the defendant has a good and substantial defence in the cause, is a sufficient affidavit of merits.*

## The People *against* Duell.

THE prisoner was convicted at the last *oyer and terminer*, in the county of *Saratoga*, of breaking the gaol, in which he was confined for *petit larceny*, under a sentence of the *general sessions* of the peace, and enabling another prisoner also to escape, who was in prison on a charge of felony.

The prisoner was brought up on a *habeas corpus*, to receive the sentence of the court.

*The Court.* A breach of prison by a person in gaol on a charge of felony, is itself a felony above the degree of *petit larceny*, and punishable by imprisonment in the state prison, for a period not exceeding 14 years. The court sentence the prisoner to an imprisonment in the state prison for four years.

*If a prisoner confined in the county prison on a conviction of petit larceny, break prison, it is a felony for which he may be sentenced to imprisonment in the state prison, for a period not exceeding fourteen years.*