ALBANY,
Feb. 1810.

CANNON
v.
TITUS.

———————

CANNON *against* TITUS.

J. RUSSEL, for the defendant, moved to set aside the inquest taken by default at the last sittings in *New-York.* In the notice for trial, the plaintiff's attorney filed an affidavit with the clerk of the sittings, that the defendant " had a good substantial defence to make in the cause, on the merits."

*J. Radcliff*, contra, objected, that a copy of the affidavit of merits had not been served on the plaintiff's attorney, nor any notice given to him of its being filed, previous to the taking of the inquest; and that the affidavit of merits was insufficient, as it did not state that

In order to prevent an inquest by default, the affidavit of merits by the defendant, should state, as he is advised by counsel, and a copy of it should be served on the plaintiff's attorney, before the trial.

ALBANY,
Feb. 1810.

BROCKWAY
v.
WILBER.

the defendant was " advised by counsel," which is re-quisite in an affidavit of merits. (3 *Caines*, 97.)

*Per Curiam.* The affidavit of merits is defective, in not stating that the defendant was *advised by counsel;* and by the rule of this court, of the 21st *November*, 1808, a copy of the affidavit of merits, filed with the clerk of the sittings, must be served on the opposite party.

Motion denied.