WILKES *against* HOTCHKISS, late SHERIFF of DELA-
WARE.

When the defendant, on a motion to set aside a default, sets forth in his affidavit the facts which consti- tute the merits of his defence, so that the court can judge of the merits, it is suf- ficient, without saying he is ad- vised by coun- sel.

SHERWOOD, for the defendant, moved to set aside the judgment obtained by default, in this case, which was an action for an *escape*. The affidavit of the defendant stated, that the writ, issued in the cause, was served upon him a short time before the last *May* term, by a deputy of the sheriff, residing at *Delhi*. The writ contained no *ac etiam* clause, and the defendant did not know the ground of the plaintiff's action; but he wrote to his attorney at *Delhi*, to appear for him, and take charge of the suit; and supposed that his letter was received; but he heard nothing further of the suit, until he was served with a *ca. sa.*; that he understood the suit to be for the escape of one A. D. on *mesne process*; and that he had a good and substantial defence on the merits.

*Henry*, contra, objected, that the defendant in swearing to a defence on the merits, did not state that he was *advised by counsel*, as to such defence.

*Per Curiam.* In the ordinary affidavit of merits, it is requisite that the party should state, as to his being advised by counsel; but here the whole merits are disclosed by the affidavit, and the court, on the face of it, can judge whether the defendant has a defence on the merits or not. We grant the motion on payment of costs, and with liberty to the plaintiff to change the *venue* to any county he may think proper.

Rule granted.