*By the Court,* SAVAGE, Ch. J. The *prochein ami* must be a responsible person. The proceedings must therefore stay until such appointment be made. (Strange, 718. 1 T. R. 491.)

ALBANY
January, 1830.

Anonymous.

---

BIRDSALL and BIRDSALL, ex'rs. *vs.* PIXLY.

MOTION for a rule to produce papers. A petition was presented, stating that this suit had been commenced for the recovery of a sum of money due as rent on a lease executed by the testator to the defendant; that the lease had been clandestinely taken from the testator by the defendant, or by his aid and procurement; and that the plaintiffs were unable to declare, &c. The petition further stated that it was intended to lay the venue in the county of Chenango. The petition was verified by affidavits.

*The Court* ordered the lease to be deposited in the clerk's office of the county of Chenango, within twenty days after service of notice of the rule of the court, or that the defendant shew cause, by the first day of the next term, why an attachment should not issue against him. (2 Revised Statutes, 199.)

*A rule to shew cause why an attachment should not issue, will be ordered on a petition for the production of papers to enable a party to declare.*

---

ANON.

MOTION for order to remove a cause from the superior court of the city of New-York into this court.

*By the Court,* SUTHERLAND, J. The affidavit upon which this motion is made is defective in not complying with the rules of this court. To entitle a party to an order to remove a cause from the superior court of the city of New-York into this court, or to a rule to change the venue, he must state that the witnesses named by him are each and every of them material to his defence, as he is advised by his counsel and *every of them* he cannot safely so proceed to trial; in each case stating *as he* counsel and verily believes.

*To entitle a party to remove a cause from the superior court, or to change the venue, he must state that the witnesses named by him are each and every of them material to his defence; and that without the testimony of each and is advised by*

ALBANY,
January, 1830.

The People
v.
Medical Soc'y
of N. Y.

verily believes, *and* that without the testimony of each and every of them, as he is also advised by counsel and verily believes, he cannot safely proceed to the trial of the cause.

---

THE PEOPLE, on the relation of S. B. Jewett, *vs.* MONROE COMMON PLEAS.

A *mis-recital of the day of the rendition of a justice's judgment in an appeal bond is fatal.*

MOTION for a mandamus. The common pleas of Monroe quashed an appeal for an erroneous recital in the appeal bond of the day on which the judgment before the justice was rendered. It was rendered on the *twentieth* August, but in the bond was recited to have been rendered on the *twenty-first* day of August, 1819.

*By the Court*, MARCY, J. The common pleas decided correctly. There was no such judgment as was recited in the bond. Had the day of the rendition of the judgment been omitted, there would have been no variance, and the bond would have been good, as was held in 2 Wendell, 292; but being inserted, it becomes material; and a wrong or false date being given, the objection to the bond was fatal.

*Motion denied.*

---

THE PEOPLE, on the relation of Henry G. Dunnel, *vs.* THE MEDICAL SOCIETY OF THE COUNTY OF NEW-YORK.

·An initiation fee may be demanded from physicians and surgeons on becoming members of county medical societies.

MOTION for a mandamus. The relator was duly elected a member of the Medical Society of the County of New-York, but his certificate of membership was refused to be delivered to him until he paid an initiation fee of ten dollars, in compliance with the by-laws of the society. This he refused to do ; and he now asked for a mandamus commanding the society to deliver to him his certificate.

*T. Nims*, for relator.

*Hoffman & Tallman*, contra.