ALBANY,
January, 1830.

The People
v.
Mather.

## The People *vs.* Elihu Mather.

Motion to set aside verdict. In November, 1828, the defendant was indicted at the *Orleans* oyer and terminer for a conspiracy to kidnap *William Morgan.* In March, 1829, a certiorari was presented to that court removing the indictment into this court, to which a return was made and filed in the Utica clerk's office on the 18th May, 1829 ; on which day a plea of not guilty, and a replication by the *special attorney,* taking issue, were also filed in the same office. In November last, the issue thus joined was tried at the Orleans circuit, and the defendant was acquitted. Since the trial, the special attorney discovered that at the last May term of this court a rule was entered directing the issue joined in this cause to be tried at a circuit court to be holden in and for the county of *Monroe,* and on that ground now applies to set aside the verdict ; and also moves that the rule of May term be vacated, on affidavits that the rule was obtained without notice to the public prosecutors having charge of this suit ; and further, that the issue on the indictment against the defendant be directed to be tried at the next circuit court to be holden in and for the county of Orleans.

On the part of the defendant it appeared, by the affidavits of his counsel, that the affidavit on which the the certiorari was

A rule merely directing a criminal cause removed into this court by certiorari to be tried in a county other than that in which the offence is alleged to have been committed, will not authorize the trial in such county, with-out a suggestion on the roll that a fair and impartial trial cannot be had in the county where the indictment was found ; and such suggestion cannot be made without special leave obtained from the court. A rule to change the *place* of trial may be waived

by the parties going to trial in the county where the indictment was found.

A rule entered in the minutes of the court during one of its terms, without the express direction of the court, and not asked for by either party, will be regarded as a nullity.

granted was transmitted to counsel attending at the May term, with instructions to present the same to the court in case a motion was made on the part of the prosecution as to the trial of the issue, to obtain a direction that the issue should be tried at the Orleans *circuit,* instead of the Orleans *oyer and terminer ;* that there was no intention on their part to obtain a rule for the trial of the issue at the *Monroe* circuit, nor had they given notice of an intended application for such rule, and that the rule must have been entered by mistake.

*J. C. Spencer,* special attorney. The court had authority to order the trial in *Monroe,* (1 Chitty's Crim. Law. 494, 5.) Until vacated, the order of May term was valid, and deprived the *Orleans circuit* of jurisdiction. There has therefore been a mis-trial, and a *venire de novo* should be awarded. (6 Coke, 14.) The appearance of the parties at the Orleans circuit, and their consent to go to trial, could not give jurisdiction. (3 Caines, 129.) The counsel for the people cannot be deemed to have consented, as they were ignorant of the existence of the rule of May term until after the trial. If the court had no jurisdiction of the cause, the oaths administered to the witnesses were extra-judicial. Nor can the defendant complain of being twice put in jeopardy should a new trial be granted, as the proceedings were wholly invalid.

*D. D. Barnard,* for the defendant. The issue in this case was properly tried at the Orleans circuit ; there the indictment was found, and there the trial must have been had unless an order had been made by the court, directing the trial in another county, on a special application made to them. (7 Cowen, 127, 9.) A regular application for such order is not shewn to have been made ; on the coutrary, from the shewing of the public prosecutor himself, it is manifest that such application was not made. It is true, a rule appears to have been entered directing the trial of the issue in another county, but such rule is disavowed by the defendant ; it was not asked for nor desired by him. It must therefore have been entered by mistake, and is irregular and void, and the court will not give such effect to a rule thus appearing on their minutes, as to subject a defendant to a second trial.

If the rule be considered a nullity, *consent* was not necessary to give the Orleans circuit jurisdiction. The *nisi prius record* was sufficient authority to the judge to try the cause; no rule was necessary for that purpose.

*By the Court,* MARCY, J. The offence charged upon the defendant is stated to have been committed in the county of Orleans. The indictment was found, and the trial had there; yet it is supposed that the trial was irregular, and we are now asked to set it aside. A copy of a rule has been produced from the minutes of this court at the last May term, directing this cause to be tried in the county of Monroe. It is conceded that neither party asked for such rule, and it is equally certain that the court gave no direct order for its entry. The existence of the rule was not known to the public prosecutor at the time of the trial, and the defendant's counsel, though they had seen a certified copy of it, had reason to believe that no such rule had been granted. I think the court may regard as a nullity an entry in its minutes not made by its direction, nor asked for by either party to the suit in which it is made. If under any circumstances a rule can be disregarded, this ought to be so treated; for, in addition to the fact that it appears affirmatively that it was not moved for by the parties nor granted by the court, neither party now undertakes to set it up, or claims the benefit of it.

But if considered as an authorised entry upon our minutes, still it does not, in my opinion, render the proceedings in this cause at the Orleans circuit a mis-trial. There is no such thing as changing the venue in a criminal case; criminal actions are local, though under peculiar circumstances the *place* of trial may be changed, which however cannot be done by a mere direction of the court, to try it in a county other than that in which the offence is charged to have been committed. If the parties had conformed to the rule entered in this case, and tried the cause in the county of Monroe, there would then have been, what it is said there now is, a mis-trial. The *nisi prius record* and *postea,* when returned into this court, would have shewn an offence charged to have been committed in Orleans county, an in-

dictment found there, and a trial had in Monroe. The record would exhibit upon its face a mis-trial, unless it contained a suggestion that a fair and impartial trial could not be had in the county where the offence was committed, and that in consequence thereof a trial had been ordered in the adjoining county. But how could such suggestion have been made upon this record? It is not entered of course, and the rule now produced furnishes no authority to either party to make it. It could not be expected that the court would permit such suggestion after the trial, because there would be no pretence that it was true. The suggestion is always made on the record before trial, and it seems to me that it is necessary, to confer jurisdiction to try the cause in any other county than that where the offence is charged to have been committed.

The mode of changing the place of trial in a criminal case is, to move the court, on affidavit shewing the necessity of the change, for leave to make the requisite suggestion on the roll. Cause must be shewn before the court will permit it to be entered. (1 Chit. C. L. 495.) From the cases of *The King* v. *The Inhabitants of St. Mary*, (7 T. R. 735,) and *The King* v. *Harris*, (3 Burr. 1330,) it not only appears that the suggestion must be made before the record is sent down for trial, but that it is never entered without its truth is proved to the court, and the adverse party notified to shew cause, if there be any, against it. Indeed it is in a manner confessed on the record, because it is entered with a *nient dedire*. It is very evident, from this view of the subject, that giving to this rule all the operation that it can in any wise have, it did not change the place of trial. The place was the same after the entry of the rule as it was before, and the rule could not therefore, in my opinion, invalidate the trial.

There is another view of this case which seems to bring us to the same result. By going to trial without regard to the rule, the parties may be considered as having waived it, and neither party will now be heard to set it up to impeach what has been done incompatible with it. Both have consented to try the cause in Orleans county. It was said, on the argument, that consent will not confer jurisdiction. This

is true, but it is not applicable to this case. It is not contended, on the part of the people, that an express order of this court is necessary to authorize the circuit court of the county where the offence was committed, to try this case after being removed into this court by certiorari. The cause was actually taken down and tried without such an order. The circuit court of Orleans county had jurisdiction to try it before the rule was entered; and if the rule of this court to try it in another county was dispensed with, the circuit court of Orleans county had the same jurisdiction in relation to this cause that it had before the rule was entered. If the venue in a transitory action should be changed by a rule of this court, and the party who had obtained the rule should waive it and go down to trial in the county where the venue was originally laid, I should not expect to hear it urged to us that the circuit court had not jurisdiction of the cause, and that its proceedings were a nullity.

Again; the *nisi prius record* is in the nature of a commission from this court to the nisi prius judge to try the cause; and in this case we may well consider it sufficient to countervail the order which is found on our minutes. There appears to be no objection to granting that part of the motion which asks to have the rule of last May term vacated. We are disposed to look upon it as a nullity, and direct a rule accordingly to be entered vacating it.

SUTHERLAND, J. was inclined to consider the rule of May term a nullity; but if validity was given to it, it was analogous to a rule to change the venue in a personal action, which it was competent to the parties to waive and to proceed to trial in the county where the venue was originally laid. This had been done here. The offence being charged to have been committed in Orleans, and the cause having been removed into this court by *certiorari*, there was no necessity for a rule directing its trial at the circuit of that county. The nisi prius roll gave authority to the judge to try the cause.

The *Chief Justice* concurred.

Motion to set aside verdict denied, and rule of May term vacated.