NEW-YORK,
May, 1830.

Rathbone
v.
Harman

</div>

DENNING *vs.* CORWIN and ROBERTS.

An order to stay *waste* will not be granted without notice to the party to be affected by it, where it is not shewn that the party is a *trespasser.*

ORDER to stay waste. An order to restrain the committing of waste was applied for in this case, the plaintiff having commenced an ejectment for the recovery of about a third of a lot of land containing about 1700 acres, principally valuable on account of its timber. The defendants are in possession, claiming the lot as their own, and are cutting and carrying away the timber. Notice of the application was not given to the defendants.

*P. F. Hunn,* for the motion.

*By the Court,* SUTHERLAND, J. This is a case in which notice should have been given to the defendants, so that they might have been heard. The plaintiff claims only an undivided third of the lot ; the defendants therefore may be tenants in common with him, and if so, have the right, until a partition, to the enjoyment of the property. They are not trespassers, and cannot be treated as such by the court. The motion is denied.

---

RATHBONE and others *vs.* HARMAN.

The *venue* will not be retained on the plaintiff's stipulating to pay the expenses of defendant's witnesses.

MOTION to change venue from Rensselaer to Schenectady, the defendant having 12 witnesses residing in Schenectady. The plaintiffs having 14 witnesses in Albany, and stipulate to pay all necessary expences of the defendant's witnesses in attending the Rensselaer circuit.

*By the Court,* MARCY, J. The defendant shews 12 witnesses in the county to which he moves to change the venue, and the plaintiffs have none residing in the county where the venue is laid. It is therefore of course that the motion be granted. The court do not regard the offer to pay the expenses of defendant's witnesses ; the principle governing the decision of motions of this kind is the convenience of witnesses. Motion granted.