Garlock v. Dunkle.

*A. B. Conger*, for the defendants, moved to set aside the proceedings, on the ground that the action should have been brought in the New-York common pleas.

*H. H. Martin*, contra.

---

## GARLOCK *vs.* DUNKLE.

It is no answer to a *motion to change the venue*, that by the granting of it the plaintiff will lose a *trial* or a *term*, where the defendant is not chargeable with *laches :* and even where he is so chargeable, his neglect must be such as to produce the delay, or the motion will be granted.

Where the suit is commenced by the service of a declaration, at so late a day that *regular notice of trial* cannot be given for the next circuit in the county where the venue is laid, the defendant is not bound forthwith to serve notice of motion to change the venue, so as to give the plaintiff an opportunity to consent to the proposed change and to require the acceptance of short notice of trial; but if, in consequence of the omission of the defendant to give notice of his motion where there is time to give regular notice of trial, the circuit will be lost both in the county where the venue is *laid* and in the county to which it is proposed to be *changed*, the motion will not be granted.

MOTION to change venue. The venue was laid in *Jefferson* county. The declaration was served on the *seventh* day of May. On the *twenty-seventh* day of May the defendant pleaded and gave notice of motion to change the

venue to *Montgomery,* accompanied with an order to stay proceedings. The circuit in *Jefferson* was appointed to be held on the *fifteenth day of June.* A circuit court was held in *Montgomery* commencing on the *eleventh day of May* which was ended, and the next circuit in that county would not be held until the autumn of 1840. The defendant swore that he did not know it was necessary for him to employ an attorney until the rule to plead was about to expire. The granting of the motion was opposed on the ground that if the venue was changed the plaintiff would lose a *trial* and a *term,* and that therefore within the meaning of the cases decided by this court, the motion ought not to be granted. The counsel for the plaintiff relied upon the following cases : *Chapin* v. *De Graff,* 4 *Cowen,* 554 ; *Lee* v. *Chapman,* 11 *Wendell,* 186 ; *Haywood* v. *Thayer,* 10 *id.* 571 ; *Kent* v. *Dodge,* 3 *Johns.* 447 ; *Dlavan* v. *Baldwin,* 3 *Caines,* 104 ; *Smith* v. *Prior,* 9 *Wendell,* 498.

*J. Genter,* for the motion.

*H. Adams,* contra.

*By the Court,* COWEN, J. Several cases are cited which say that the venue shall not be changed when the effect will be to work the loss of a circuit or a term. But none of them can be understood as applying to a case where no greater delay is occasioned than what must have arisen had notice been given the first opportunity. The meaning is not that the mere loss of a trial or term shall be a ground for denying the motion. The delay of both is often a necessary consequence of a change. The objection applies only when the loss arises from the defendant's neglect : as if a special term be suffered to elapse, in consequence of which the original circuit or the circuit in the county to which the venue is sought to be changed, and at which the plaintiff might have tried his cause, has passed. The mere abstract circumstance that the circuit where the venue was laid is prior in time to that in the county to which it is sought to be changed, cannot be received as an objection

Garlock v. Dunkle.

without entirely subverting the right to change the venue altogether. If otherwise, the plaintiff may always select some early circuit in some county of the state, and thus cut off the right to a trial in the county where the witnesses reside. The question is, would the defendant's *delay* to move the earliest opportunity work the mischief? That is a thing he may avoid, and shall be holden to do so, if practicable. But he cannot avoid a delay necessarily arrising from the course of the circuits, the time when the plaintiff may choose to commence his suit, and the place where he may lay his venue. I have thought it necessary to say so much, because some of the cases before and even after *Chapin* v. *De Groff*, 4 Cowen, 554, which I think goes far enough, may leave it to be inferred that the loss of a trial or term by the course of the courts, or even by the plaintiff so timing the commencement of the suit as himself to work the loss shall cut off the right to change. Whereas the question is one of laches on the side of the defendant; not laches only, but such as works the delay. If unexcused laches carry the plaintiff over the circuit either in the county where he lays the venue, or in the county to which the venue is sought to be changed, then I agree that the motion should fail. In the case before us, it does neither. The declaration was not served till the 7th of May, and no motion could be made till the 2d of June, perhaps later. The motion failing, or succeeding, no trial could be had in Jefferson according to the ordinary course. The preparation of papers at an earlier or later day could have made no difference in this respect. The Montgomery spring circuit has already passed, and none will return for that county till the autumn. All this must have been so, even had the papers been prepared the day after the suit was commenced. The Mongomery circuit commenced May 11th. Now the only advantage the plaintiff could have obtained by an immediate notice, say on the 8th, the day after the suit brought, would have been the chance of stipulating to change and demanding that the defendant should take three or four days notice of trial, if his case were within the rule of *Smith* v. *Prior*, 9 *Wendell*, 498. It was doubtless with a view, among other

things, to enable the plaintiff to consent to a proposed change and demand the acceptance of a short notice of trial, that the 94th rule required preparation to move the earliest practicable opportunity.    But the defendant testified in the affidavit on which the commissioner granted the order in question that he did not suppose it necessary to retain an attorney till about the time when the days for pleading expired. He was pressed with his private business as a farmer, and was summoned as a juror to attend the Montgomery circuit. Of course he knew nothing of our rules and cases requiring him to hasten the motion, which was in consequence not ready to be noticed till the 27th of May, when it was noticed for the 4th of June.    But had he presented no excuse, the plaintiff did not himself move in season to be ready for the Montgomery circuit.    He delayed to begin till the 7th of May, and had the defendant pleaded that very day, and the change been assented to, it would have left but four days to notice the cause for trial in Montgomery.    It was the plaintiff's own laches or misfortune which narrowed his time. And surely *Smith* v. *Prior* could never have been intended of a case where the plaintiff himself has omitted to declare till too late to notice for the circuit at which the cause should be tried.    Had this declaration been served early in April, the case cited might apply, supposing the defendant's delay to stand unexcused.

On the whole, I admit that, in consequence of this motion being granted the plaintiff must lose a circuit and a term ; but the loss does not form an objection within the meaning of our rules of practice.    It results from the *motion,* not the defendant's unexcused *delay* in preparing for it.

Motion granted.