Cowen, J.
That was held to be unnecessary, so long ago as 1804. (Baker v. Sleight, 2 Caines’ Rep. 46.)
It was then said, the affidavit did not state that the cause of action arose in the county to which the venue was sought to be changed, according to what was required in Franklin v. Underhill, (2 John. R. 374,) and hot elsewhere, as was required in Tillinghast v. King, (6 Cowen, 591.)
*669 Cowen J.
These cases have -not been law since the 2 R. S. 330, 2d ed. § 2, sub. 3, in respect to applications for a change of venue in personal actions, with very few exceptions. We are there directed to retain or change the venue, according to the convenience of parties and their witnesses, (a) This alone is now the test, irrespective of where the cause of action arose. The subdivision cited extends to the great majority of actions brought in this court. The ground for granting or denying a change, generally lies entirely in the number and residence of witnesses, their value to be shown under the advice of counsel, according to the forms prescribed by our rules of practice. (Vid. Anonymous, 3 Wend. 425. Constantine v. Dunham, 9 id. 431. Onondaga County Bank v. Shepherd, 19 id. 10. Vid. Grah. Pr. 561, 2, 2d ed.)
■ An objection was also taken, that the affidavit did not accord with the form required in the case last cited, Onondaga County Bank v. Shepherd, (19 Wend. 10,) which is, “he has fully and fairly stated his case, and disclosed the facts vhich he expects to prove,” &c.; whereas here it is, “ that he has stated, &c. the facts he expects,” &c. without saying he has fully and fairly disclosed the facts, &c. either expressly or impliedly.
Cowen, J.
This objection is not well taken. The words, fully and fairly, heed not > be applied to the disclosure of facts expected to be proved, but only to the case upon which advice^ is taken. The word, stated, is equivalent to disclosed.
Another objection was, that the affidavit should say that each and every witness named, “ is a, material witness to his defence,” &c. as he is advised, &c.; whereas it was herea material witness for the defendant.”
*670 Cowen, J.
The form in this respect departs from wha,t would seem to he a part of the form in 3 Wend. 425, to which; as was said in Constantine v. Dunham, (9 Wend. 431,) we ought to adhere. But we think the remark in the latter case was not meant of the words now in question. The words, for the defendant, as here used, are exactly equal to the words, to his defence ; and are therefore sufficient;

 See Hull v. Hull, post, p. 671.