By the Court,
Bronson, J.
The affidavit is clearly insufficient.
Motion denied.(a)

 The following summary of cases on the subject of changing venue for the convenience of parties and witnesses may, it is believed, be of use to the profession ; as there is, perhaps, no other head of practice under which a greater number of questions are constantly arising at the special terms.
1. In what actions.] The venue maybe changed in all transitory actions, provided the court shall deem it necessary for the convenience of parties and their witnesses. (2 R. S. 409, § 2.) If the action be against a public officer for acts done by him in virtue of his office, the venue will be changed, for this cause alone, to the county in which the fact complained of happened. But where it is questionable whether the action be or be not local, the motion will be determined upon the usual grounds, viz. the convenience of parties and witnesses." (Allen v. Forshay, 12 Wend. 217.) In a subsequent case, the defendant being a private citizen, it was held that he was not entitled to a change of venue on the ground of the action being local; but must resort to his remedy by demurrer, plea in abatement or nonsuit at the trial. (Morgan v. Lyon, 12 Wend. 265 ; and see Rightmyer v. Raymond, id. 51.)
The distinction which once prevailed between actions ex contractu and ex delicto, in respect to granting and refusing motions of this kind, no longer exists. (Grah. Prac. 561, 3d ed.)
2. What parties may move, and whether all should join in the application.] The plaintiff cannot move to change the venue; but only the defendant. (Swartwout v. Payne, 16 John. Rep. 149.) The former, however, may change the venue by amending his declaration, as of course, under the 23d general rule; (Rules of Sup. Court, 1837, No. 23; Wakeman v. Sprague, 7 Cowen, 164; Walverton v. Wells, 1 Hill, 374;) and if he inadvertently allow the proper time for that purpose to elapse, he may obtain leave to amend on motion. (Paine v. Parker, 13 John. Rep. 329.)
In general, if there be several defendants, all should unite in the application for a change of venue. (Sailly v. Hutton, 6 Wend. 508 ; Legg v. Dorsheim, 19 id. 700.) But where a default for not pleading has been entered against one of two defendants, the other may move alone. (Chace v. Benham, 12 id. 200.) So, if the action be in form against several, and process be served upon a part only, it is the constant practice to allow the motion to be made by the latter. Formerly, though *63 the defendants were the maker and endorsers of a promissory note, sued jointly under the statute, neither could move for a change of venue without joining the others. (Legg v. Dorsheim, 19 Wend. 700.) But by an act passed in May, 1841, “ any party to any promissory note or bill of exchange, who shall be sued jointly with any other party to said bill or note,” may “ apply to the supreme court for any order or relief which such party applying would be entitled to, if such party had been separately sued in such action, and said court are authorized, in their discretion, to grant to such party applying the like order or relief that by the rules and practice of the court would be granted to such party if sued separately.” (Sess. Laws of 1841, p. 272, § 1.)
3. In what state of the cause, and within what time.] The defendant should use due diligence in preparing the motion for the earliest practicable day after the service of the declaration. (See Rules of Sup. Court, No. 94.) In general, he ought not to wait until after issue joined; (Chapin v. De Groff, 4 Cowen, 554; Lee v. Chapman, 11 Wend. 186;) though, should he do so, the motion may still be granted, provided the plaintiff will not thereby lose a trial nor be subjected to delay (Delevan v. Baldwin, 3 Caines’ Rep. 104; Kent v. Dodge, 3 John. Rep. 447; Anon. 18 Wend. 514 ; Lee v. Chapman, 11 id. 186.) And even where the consequence will be the loss of a trial or a term, if the circumstances be such that the same result must have followed had notice been given the first opportunity, the delay, though it extend beyond the -joining of issue, is not ground for denying the motion. The meaning of the rule on this subject is, not that the mere loss of a trial or a term shall defeat the application, but that the plaintiff shall be subjected to no greater delay than what must have arisen from an earlier movement. (Garlock v. Dunkle, 22 Wend. 615.) Where, after a cause had been noticed for trial in the county where the venue was laid by the plaintiff, and the trial put off on the application of the defendant, he applied to change the' venue, the motion was granted on payment of the costs of the circuit and of resisting the motion, and on the defendant’s stipulating to take short notice of trial. (Carpenter v. Watrous, 5 Wend. 102.)
If the object of the motion be clearly for delay, and it has not been noticed the first opportunity, it will be denied with costs; as, where the defendant procures an order unnecessarily enlarging the time to plead, and, at the expiration of that time, serves notice of the motion accompanied by a further order for a stay until after decision. (Semble; see Kilbourne v. Fairchild, 12 Wend. 293; Haywood v. Thayer, 10 id. 571.) In Smith v. Prior and others, (9 Wend. 498,) the plaintiff, on receiving notice of motion to change the venue, proposed to change it to the county desired by the defendants, provided they would take short notice of trial, the circuit in that county being about to be held; to which proposition the defendants refused to accede. These facts appearing, and the defendants not pretending that the proposed notice was too short to have enabled them to prepare for trial, the motion was denied; the court saying, “ we cannot but perceive that the sole object of the defendants is delay.” This case, however, does not apply so as to give the like advantage from a proposition and refusal to accept short notice, if the *64 plaintiff has omitted to declare till too late to notice for trial at the circuit where the venue is laid. (Garlock v. Dunkle, 22 Wend. 615.)
The venue may be changed, though the cause be at issue on demurrer, and no issue of fact be contemplated until the demurrer is decided. (Thurber v. Brown, 2 Hill, 382.)
4. The affidavit on which to move.) The affidavit must, in general,, be made by the defendant himself; though, under special circumstances, set forth in the affidavit, it has been held sufficient when made by another—e. g. the defendant’s attorney. (Grah. Prac. 562, 2d ed.; 1 Dunl. Prac. 413; Scott v. Gibbs, 2 John. Cas. 116; Colm. & Cain. Cas. 128, S. C.) The nature of the action is usually stated, but this is unnecessary; (Baker v. Sleight, 2 Caines' Rep. 46 ; Anonymous, 1 Hill, 668;) nor is it necessary to mention the county where the cause of action arose; (Anonymous, 1 Hill, 668;) though otherwise, previous to the revised statutes. (Franklin v. Underhill, 2 John. Rep. 374; Tillinghast v. King, 6 Cowen, 519 ; 1 Dunl. Prac. 413.)
It must appear by the affidavit that the defendant has merits; and, in this particular, its statements should purport to be made under the advice of counsel, (Swartwout v. Hoage, 16 John. Rep. 3,) unless the defendant be himself a counsellor. (Cromwell v. Van Rensselaer, 3 Cowen, 346.) Where the defendant is not of the degree of counsel, and he is therefore to swear to the advice of counsel, the 61st general rule applies. (Onondaga Co. Bank v. Shepherd, 19 Wend. 10.) This requires that, in addition to what was usually inserted before in similar affidavits, the party shall “ swear that he has fully and fairly stated the case to his counsel, and shall give the name and residence of such counsel.” (Rules Sup. Court, 1837, No. 61.) In regard to the fact of having stated the case &c., a close adherence to the language of the rule is to be observed, though slight and unimportant variances—e. g. “ this case,” or “,his case,” instead of “ the case”—• have been overlooked. (Brownell v. Marsh, 22 Wend. 636.) But a substitution of the words “his defence," (id.) or “th s facts of his case,” (Richmond v. Cowles, 2 Hill, 359,) has been held fatal. Nor will it do to qualify the requisition of the rule by adding, “ so far as the facts have come to deponent’s knowledge," unless a sufficient excuse be shown. (Brown v. Tousey, 19 Wend. 617.) After complying with the above rule, the next thing to be stated- is, what was usually inserted in similar cases before, viz. that the defendant “ has a good and substantial defence on the merits, as he is advised by his said counsel and believes.” (Swartwout v. Hoage; 16 John. Rep. 3 ; Bruen v. Adams, 3 Caines’ Rep. 97; Cannon v. Titus, 5 John. Rep. 355; and see Wilkes v. Hotchkiss, id. 360.) In this particular also, it is safest to follow the accustomed form. In England, somewhat slight departures have been deemed fatal. Thus, the words “ a good and meritorious defence” are there deemed insufficient. (Bower v.Kemp, l Crompt. & Jerv. 288.) So, as to the words, “ a good defence to the action,” without adding on the merits. (Pringle v. Marsack, 1 Dowl. & Ryl. 155; Page v. South, 7 Dowl. Pr. Cas. 412.) And in this state, where the words were, *■> a good and substantial defence,” held, insufficient, without adding on the merits. (Jackson v. Stiles, 3 *65 Caines' Rep. 93.) But in Briggs v. Briggs, (3 John. Rep. 449,) the words “ a good and substantial defence,” were adjudged to mean a defence on the merits; and it was said that Jackson v. Stiles proceeded upon peculiar circumstances, not reported, affording strong reason to believe that there was really no defence on the merits. Where the statement was, that the defendant “ hath merits and good cause of defence,” &e.; held bad. (Lane v. Isaacs, 3 Dowl. Pr. Cas. 652.) So, where the affidavit did not sufficiently connect the statement of merits with the particular case. (Tate v. Bodfield, 3 Dowl. Pr. Cas. 218.) It has, however, been held, that though the affidavit omit to state the defence to be on the merits, yet if it distinctly set forth the facts constituting the defence, it is sufficient, (Johns v. Nevison, 2 Dowl. Pr. Cas. 260.) So, where the affidavit detailed the facts, and then stated that the defendant had a good and substantial defence &c., but did not show that he had been so advised by counsel. (Wilkes v. Hotchkiss, 5 John. Rep. 360.) It is hardly probable, however, especially since the 61st rule, that the court would now regard such a detailed statement as dispensing with any of the essential requisites of the common affidavit of merits. Where the affidavit was that the defendants were advised by counsel that they had a good and substantial defence &c., which advice deponent believed to be true ; held, insufficient. (Ante, p. 61.)
Having sworn to merits, the defendant should state in the.affidavit that lie has disclosed to his counsel the facts which he expects to prove by each and every of the witnesses, &c. (Onondaga Co. Bank v. Shepherd, 19 Wend. 10.) The names of the witnesses must be given; (Anonymous, 6 Cowen, 389;) and their residence. (Hull v. Hull, 1 Hill, 671; Low v. Hallett, 2 Caines’ Rep. 374; Du Boys v. Fronk, 3 id. 95.) It must he shown, moreover, that they are each and every of them material to the defence, [or, “ for the defendant,”] (Anonymous, 1 Hill, 668,) as the defendant is advised by his counsel and verily believes. (Anonymous, 3 Wend. 425 ; Anonymous, 7 Cowen, 102.) They must appear to be necessary also, as well as material; (Satterlee v. Groot, 6 Cowen, 33; see Young v. Scott, 3 Hill, 32, 35;) and, for this purpose, the affidavit adds, that without the testimony of each and every of the witnesses, the defendant cannot safely proceed to the trial of the cause, as he is advised by his counsel and believes. (Satterlee v. Groot, 6 Cowen, 33; Anonymous, 7 id. 102; Anonymous, 3 Wend. 425.)
The words each and every in the clauses above noticed are essential, and must be repeated; (Onondaga Co. Bank v. Shepherd, 19 Wend. 10; Anonymous, 3 id. 425; Constantine v. Dunham, 9 id. 431;) though the affidavit may be made to answer for one witness without those words. (Brown v. Peck, 10 Wend. 569.) The statement as to the advice of counsel, &c. must also be repeated as above. (Anonymous, 3 Wend. 425; Constantine v. Dunham, 9 id. 431; and see Anonymous, 3 Cowen, 14.) Where, however, the defendant is himself a counsellor, he need not swear under the advice of counsel; and the affidavit may, in this particular, be modified accordingly. (Cromwell v. Van Rensselaer, 3 Cowen, 346.) For the purposes of the motion, the court will judicially notice the fact that the defendant is a counsellor. (Id.)

*66
General Farm of Affidavit to change Venue..

Supreme Court.
John Doe ads. Richard Roe.
[Montgomery] county, ss: John Doe, the above named defendant, being sworn says, that the venue in this cause is laid in the county of [Erie;] that the declaration was served on the [14th of October inst.;] that the cause is not at issue; [or if at issue, state the fact, and the time when issue was joined,;] that deponent has fully and fairly stated the case to [Samuel Belding, Jun.] his counsel in this cause, who resides at [Amsterdam,] in the county of [Montgomery,] and has fully and fairly disclosed to his said counsel the facts which he expects to prove by each and every of the witnesses hereinafter named; that deponent has a good and substantial defence on the merits, in this cause, as he is advised by said counsel and verily believes; that [Isaac Morris] and [Nathan Neff] of the town of [Amsterdam,] and [Jay Ca. dy] and [John Schuyler,] of the town of [Florida,] all of whom reside in said county of [Montgomery,] are each and every of them material witnesses for this deponent on the trial of this cause, as he is advised by said counsel and verily believes; and that, without the testimony of each and every of the said witnesses, deponent cannot safely proceed to the trial of this cause, as he is also advised by said counsel and verily believes.
John Doe.
Subscribed and sworn, &c.
J. French,
Justice of the Peace.
5. Staying proceedings for the purpose of the motion.] If necessary, the defendant may have an order staying proceedings to enable him to make the motion. This may be obtained by presenting the motion papers to a justice of the supreme court, a circuit judge or a supreme court commissioner. (Rules of Sup. Court, 1837, No. 58.) The order will not be granted unless it appear, from the papers, that the defendant has used due diligence in preparing the motion for the earliest practicable day after the service of the declaration. (Id. No. 94; see also Killbourne v. Fairchild, 18 Wend. 393, 4; Haywood v. Thayer, 10 id.,571.) The proceedings are not to be stayed for a longer time than to enable the party to make his motion according to the settled practice of the court, and, if made, until the decision of the court thereon. (Rules of Sup. Court, 1837, No. 58.) Nor will the order stay the plaintiff in putting the cause at issue, or taking any other step except giving notice and subpoenaing witnesses for the trial. (Rules of Sup. Court, 1837, No. 94.) To perfect the stay, the plaintiff must serve the order, with a copy of the affidavit on which it is granted, and a notice of the motion. (Rules of Sup. Court, 1837, No. 58.) The order will not be operative, unless the service of it be accompanied by the proper papers. (Id; Roosevelt v. Fulton, 7 Cowen's Rep. 438 ; Kirby v. Cogswell, 1 Caines' Rep. 505; Bailey v. Caldwell, 3 John. R. 451.)

*67
Form of Order to stay Proceedings.

Supreme Court.
John Doe ads. Richard Roe.
Upon reading the within affidavit, it is ordered that all proceedings in this cause be stayed until the [1st Tuesday of December next,] to enable the defendant to move for a change of venue; and, if the motion be then made, until the order of the court thereon.
Dated &c. John Willard,
Circuit Judge.
6. Revoking order to stay proceedings.] On presenting .to and filing with the officer granting the order to stay proceedings, an affidavit showing such facts as will entitle the plaintiff, according to the settled nraetiee of the court, to retain the venue, the officer will revoke the order; and the plaintiff is to give immediate notice of such revocation to the defendant’s attorney. (Rules of Sup. Court, 1837, No. 94.) The requisites of the affidavit to obtain an order of revocat on under this rule, will be seen, post, pi. 9. As to the general doctrine relating to the revocation of. orders to stay, &c. and the effect of the revocation, see Hart v. Butterfield, (3 Hill, 455,) Anonymous, (id. 448,) and Grah. Prac. 680,1, 2d ed.

Form of Order of Revocation.

Supreme Court.
Richard Roe v. John Doe.
The plaintiff in the above cause having presented and filed with me an affidavit showing such facts as will entitle him to retain the venue in said cause, I hereby revoke the order to stay proceedings granted by me on the (insert the date of the order.]
Dated &e. John Willard,
Circuit Judge.
7. Notice of the motion.) The notice is, in general, to be for the first day of the term, and cannot be for a later day, unless sufficient cause be shown (and contained in the affidavits served) for not giving notice for the first day. (Rules of Sup. Court, 1837, No 55; see also Grah. Pr. 678, 9, 2d ed.) It is an eight day notice, and must be accompanied with a copy of the affidavit or affidavits on which the motion is intended to be made. (Rules of Sup. Court, 1837, No. 55; and see Grah. Pr. 678, 9, 2d ed.)

*68
Form of Notice of Motion.

Supreme Court.
John Doe ads. Richard Roe.
Sir—Take notice that on the affidavit, a copy of which is herewith served, this court will be moved at the next special term thereof, to be held at the capital in the city of Albany on the [1st Tuesday of December next,] for a rule or order changing the venue in this cause from the county of [Erie] to the county of [Montgomery,] or for such other or further rule or order as the court may deem proper to grant. Dated &c.
Yours &e.
S. Belding, Jun.
To Benjamin H. Austin, Esqr. Def’ts Att’y.
Pltff’s Att’y.
8. Grounds of opposition to the motion.] These, in general, are to be sought • for entirely in the number and residence of the witnesses; (Anonymous, 1 Hill, 663, 9 ;) and the application will therefore not be defeated by showing that the defendant’s witnesses will have to travel a few miles further, in case the venue be changed, than if it were retained. (Hull v. Hull, id. 671.) So, though it appear that the court house in the county where the venue is laid is but a short distance— e. g. six miles—from the court house of the county to which the defendant seeks to change it, and that the counties adjoin. (Williams v. Fellows, 9 Wend. 451.) But see Mumford v. Cammann, (3 Caines’ Rep. 139.) 'The residence of the plaintiff’s witnesses in an adjoining state, to a number exceeding that sworn to by the defendant, is not ground for retaining the venue; and this, though their residence be adjacent to the county where the venue is laid, (Peet v. Billings, 2 Wend. 282, Canfield v. Lindley, 4 Cowen, 532,) and though the plaintiff has obtained the promise of his witnesses that they will attend. (Bank of St. Albans v. Knicker backer and others, 6 id. 541.) Nor will the venue be retained on the plaintiff’s stipulating to pay the expense of the defendant’s witnesses; (Rathbone v. Harman, 4 Wend. 208; but see Worthy v. Gilbert, 4 John. Rep. 492;) or changed, on the defendant’s entering into a like stipulation as to the plaintiff’s witnesses. (Harrower v. Betts, 2 Cowen’s Rep. 496.) The motion, however, will be denied, if it appear that the plaintiff has a greater number of witnesses residing in the county where the venue is laid, than that sworn to by the defendant. (Anonymous, 1 Hill, 668 ; Hull v. Hull, id. 671; Sherwood v. Steele, 12 Wend. 294, 5.) So if the number of witnesses sworn to by the respective parties be equal. (Wood v. Bishop, 5 Cowen’s Rep. 414; see Sherwood v. Steele, 12 Wend. 294.) Where, after service of papers for a motion to change the venue from the county of S. to the county of M., together with an order to stay proceedings, the plaintiff amended his declaration under the 23d rule, by changing the venue to the county of A.; . and it appeared on the motion that the plaintiff had a sufficient number of witnesses *69 to retain the venue in the latter county, and that the defendant had had time to serve new papers since the amendment, but omitted to do so, the motion was denied. (Wolverton v. Wells, 1 Hill, 374.) If the defendant, after service of his papers, and before the motion be actually made, suffer a default for not pleading to be entered against him, this will defeat the application, even though he obtained and served an order staying proceedings pursuant to the rule on that subject. (Anonymous, Feb. Sp. Term, 1843, M. S.; and see Rules of Sup. Court, 1837, No. 94; ante, pl. 5.) For other grounds on which the motion may be resisted, see ante, pl. 2, 3, 4, of this note.
9. Affidavit to oppose motion.] The plaintiff’s affidavit should be in form and substance similar to that of the defendant, (Onondaga Co. Bank v. Shepherd, 19 Wend. 10, Grah. Pr. 563, 2d ed., 1 Burrill’s Pr. 414,) except that it need not show the plaintiff has merits. He must swear unqualifiedly to an equal number of witnesses with those sworn to by the defendant, or a "greater number, or the motion will be granted. Accordingly, where, in answer to the defendant’s affidavit of eight witnesses residing in and near the county to which the venue was sought to be changed, the plaintiff swore that he had m'ne witnesses residing in and near the county where the venue was laid, and that without the testimony of each and every of them he could not safely proceed to trial, “ taking into consideration the sustaining of the action, and meeting and resisting the defence which he believed the defendant intended setting up,” the affidavit was held to be insufficient and the motion granted. (Sherwood v. Steele, 12 Wend. 294.)

General Form of Affidavit to oppose Motion.

Supreme Court.
Richard Roe v. John Doe.
[Erie] county ss: Richard Roe, the above named plaintiff, being sworn says, that he has fully and fairly stated the case to Benjamin H. Austin, his counsel in this cause, who resides at [the city of Buffalo] in the county of [Erie,] and has fully and fairly disclosed to his said counsel the facts which ho expects to prove by each and every of the witnesses hereinafter named; that [Benjamin Rose] and [Hiram Perry] of the town of [Concord,] and [James King] and [Charles Stevens] of the town of [Brandt,] all of whom reside in the said county of [Eric,] are each and every of them material witnesses for this deponent on the trial of this cause, as he is advised by said counsel and verily believes; and that without the testimony of each and every of said witnesses, this deponent cannot safely proceed to the trial of this cause, as he is also advised by said counsel and verily believes.
Richard Roe.
Subscribed and sworn &c.
Thomas Harper,
Justice of the Peace.
*70 10. Costs of the motion.] In general, whether the motion be granted or denied, costs are not expressly awarded, but abide the event, and are taxed in the bill of the prevailing party; (Gidney v. Spelman, 6 Wend. 525; see Norton v. Rich, 20 Wend. 475 ; Worthy v. Gilbert, 4 John. Rep. 492;) but when the motion is de. nied, although the defendant succeeds in his defence to the action, he is not entitled to costs of the motion. (Gidney v. Spelman, 6. Wend. 525.) If the defendant move on defective papers, and for that reason fail, the motion will be denied with costs of opposing. (Sill v. Trumbull, 1 Cowen, 589.) So where it is manifest that the defendant’s object in making the motion is delay, and it is denied on that ground. (Killbourne v. Fairchild, 12 Wend. 293.) See also Anonymous, (18 Wend. 514.) So, where the motion is denied on the plaintiff swearing to the largest number of witnesses, and is renewed at a subsequent term, without leave, by alleging a still greater number. (Purdy v. Wardell, 10 Wend. 619.) If, after a cause is noticed for trial, the defendant obtain an order to stay proceedings with a view to move to change the venue, and his motion be granted, he will be required to pay the costs of preparing for trial up to the time of the order. (Budd v. Malburn, 1 Cowen’s Rep. 47; and see Rules of Sup. Court, 1837, No. 94.) See also Carpenter v. Watrous, (5 Wend. 102.) As the motion can only be made at a special term, if it be noticed for a general term, the plaintiff will be entitled to. costs for appearing and raising the objection. (Donaldson v. Jackson, 9 Wend. 450, note.) So, though the motion be granted as to the proposed change of ventie, if the defendant in his notice ask for more than he is entitled to—e. g., the costs of the motion—he will be ordered to pay the costs of appearing to oppose. Such has been the uniform course of decision, though I have found no reported case to that effect.
Where costs are expressly allowed, this should be mentioned in the rule, for othwise payment cannot be enforced ; and if the party neglect to enter his rule for costs, they will not be summarily awarded afterward. (Semble, Lownsbury ads. Rathbone, 1 Wend. 283; Anonymous, 4 Cowen’s Rep. 357; Palmer v. Mulligan, 2 Caines' Rep. 380.)
11. Subsequent proceedings.] The mere granting of the motion does not operate a change of venue; but the defendant must follow up the proceeding by serving a certified copy of the rule. (Root v. Taylor, 18 John. Rep. 335; Smith v. Sharp, 13 id. 466 ; Keep v. Taylor, 4 Cowen, 541.) A mere notice of the rule is not sufficient.. (Keep v. Taylor, 4 Cowen, 541, 2.) Until the rule be properly Served, the plaintiff may consider the original venue as the place of trial, and proceed accordingly. (Id.) If the parties go to trial in the county where the plaintiff laid the venue, without regard to the rule for changing it, neither will he allowed to allege this by way of setting aside or impeaching the proceedings for irregu. larity. (The People v. Mather, 3 Wend. 431, 434.)