Nov. Term,
1860.

STEVENS
v.
HELM.

---

## STEVENS *v.* HELM.

Where a default has been regularly taken, the Court is not authorized to set it aside, unless the defendant shows, affirmatively, that he has a meritorious defense to the action.

In the absence of contrary proof, this Court will presume that the Court below when it ordered the default, was fully satisfied by evidence, that the process was regularly served.

APPEAL from the *Rush* Common Pleas.

DAVISON, J.—This was an action, instituted in the *Rush* Common Pleas, by the appellee, who was the plaintiff, against *Andrew Stevens*, upon a promissory note, for the payment of $300.   Process against the defendant was duly issued to the sheriff, returnable to the second day of the *April* term, 1859, of said Court; upon which there is indorsed, the following return: "Served by leaving a copy at his usual place of residence, this *April* 13, 1859." (Signed) "*H. Laughlin, S. R. C.*, per *S. B. Laughlin.*"   On the day on

*Wednesday,*
*December* 5.

Nov. Term, 1860.

STEVENS
v.
HELM.

which the process was returnable, the defendant was called and defaulted, and judgment by default was entered against him. Afterward, on the same day, the defendant appeared, and moved to set aside the default, and in support of his motion, filed an affidavit, alleging, "that he was summoned to answer the complaint on that day; that he had left his home in an extreme part of *Rush* county, early that morning, expecting to be in time for Court; that he came with all reasonable dispatch, and arrived at Court shortly after 9 o'clock A. M., and found that a judgment by default had been rendered against him. That he is desirous of making a defense against the action; that he has come to Court for that purpose, and will be ready to file his answer by the next calling of the cause, provided the Court will set aside the default. The motion was refused, and the defendant excepted.

There is nothing in this exception. The affidavit fails to show any valid defense to the note, and for that reason, alone, it is an insufficient support to the motion. Where the default has been regularly taken, the Court is not authorized to set it aside, unless the defendant shows, affirmatively, that he has a meritorious defense to the action. 1 Tidd's Prac. 3 Am. Ed. p. 567.

But it is said that "the Court erred in rendering judgment by default without proof of the service of process on the defendant." The return is signed, "*H. Laughlin, S. R. C.*, per *S. B. Laughlin*," and the point relied on is, that "*S. B. Laughlin*" does not appear to have had authority, as deputy sheriff, or otherwise, to serve the process. In the absence of contrary proof, we will presume that the Court, when it ordered the default, was fully satisfied, by evidence, that the process was regularly served. Moreover, the question as to the service of process does not appear to have been raised in the Common Pleas, and is not, therefore, properly before this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages, and costs.

*L. Sexton*, for appellant.

*B. F. Claypool* and *J. Helm*, Jr., for appellee.