# IN GENERAL TERM..

CAROLINE M. SNEAGHAN *et al v.* ERASTUS M. BRIGGS *et al,*
Appellants.

Appeal from NEWCOMB, Judge.

*Contract, breach of—Pleading—Practice.*

In an action for breach of contract, a party suffering default may after-
ward be permitted to dispute the amount of damages only, but he is
estopped from introducing evidence which might otherwise be good,
under a general denial.

All matters of defense, except the mere denial of the facts alleged by the
plaintiff, must be pleaded specially.

If, after default, counsel defending are present at the introduction of
evidence, and cross-examine witnesses, and no motion is interposed to,
place the parties in a position to present a defense, and a finding is made
by the Court, it is then too late for a motion to set aside such default
and finding.

Such appearance will cure any defect in service of process..

*Voss & Davis,* for appellants.

*Test, Burns & Wright,* for appellees.

BLAIR, J.—The plaintiffs brought this suit to recover of
the defendants, on account of their failure to use good
materials, and perform the labor in a workmanlike manner,
in the construction of a house which the defendants built
for the plaintiffs. The contract between the parties for the
building of the house was in writing, and was made a part
of the complaint.

The cause was commenced on the 28th day of April, 1871,
and the summons was served on the 29th day of April, " by:

reading and delivering a copy to William G. Briggs, and leaving a copy at the last, and usual place of residence of Erastus M. Briggs," as is shown by the Sheriff's return.

On the 7th day of June, being the third day of the June Term, the defendants were defaulted.

On the 14th day of June the cause was submitted to the Court at Special Term, for the assessment of damages. It seems from the record, that attorneys for the defendant were present at the trial, and were permitted to cross-examine the witnesses introduced by the plaintiff; and at the conclusion of the plaintiff's testimony, the defendants called William Briggs, one of the defendants, as a witness, and propounded to him the following question: "What kind of lumber was used by you in plaintiff's house?" To this question the Court sustained an objection, made by plaintiff, and the witness was not permitted to answer.

One of the allegations contained in the complaint is, that the lumber used in building the house "was rotten, and of an inferior quality, and unfitted for such use." This was a material allegation of the complaint, and the defendants not only failed to specifically contravert it by answer, but further admitted its truth by suffering a default. After default it is error to allow all evidence to be introduced which might be good if a general denial had been filed. *Stephens* v. *Pell*, 2 Dowl., P. C., 629. All that the defendants would, in such case, be allowed to dispute, taking the breaches of the contract properly alleged in the complaint as true, would be the amount of the plaintiff's damages. *De Gaellon* v. *L'Aaigle*, 1 B. & P., 368; Saunders on Pleading, and Ev., 2 Vol., p. 218.

The evidence was therefore rightly excluded.

The same witness was then asked three other questions, as follows, viz:

" What specific directions did plaintiff give you about the construction of the house, that were not mentioned in the contract?"

Sneaghan *et al v.* Briggs *et al.*

*Second,* What changes did she order in relation to the stairway?"

*Third,* " By whose direction was the stairway placed outside instead of inside the house?"

To these questions, objections of the plaintiff were sustained, and the witness was not permitted to answer.

It is only necessary to observe, that if the defendant relied on any change in the terms of the contract sued on, subsequent to its execution, by which they were relieved from their obligation to perform the labor in a workmanlike manner, or by which they were allowed to use defective materials, these would have been proper matters to have set up in answer. " All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." 2 G. &. H., p. 93, Sec. 66.

By the first question, the defendants would seem to be seeking for facts outside of the contract sued on, by which they might avoid the breaches alleged in the complaint. The second, and third questions indicate an intention to show that the terms of the contract, with reference to the stairway, was changed at the instance of the plaintiffs. To have admitted such evidence after the default would clearly have been error.

After the Court had assessed the damages of the plaintiff at two hundred dollars, the defendants filed a motion, and affidavits to set aside the default, and finding. This motion was overruled by the Court, to which the defendants excepted. The affidavit is made by each of the defendants, and Erastus M. Briggs says, " that no notice whatever, of the pendency of this case, was ever served upon him, and that he had no notice of it until the morning the case was tried." The statute provides expressly for the kind of service which the return of the Sheriff shows was made upon Erastus, and he does not show in his affidavit that he had no residence where a copy could be left, so as to constitute

a good service. William Briggs admits notice, and says he intended to have notified Erastus, but "forgot to do so." He further says, that since the service of the summons he " has been working out of the city," and then goes on to relate a conversation had with one of the plaintiffs before the suit was brought, in which she only claimed some thirty dollars as damages, and said if the defendants would pay that she would be satisfied, and he says that, " owing to the trifling character of her demand, he did not give the matter much attention."

The affidavit, so far from showing any excuse for the neglect to appear and answer, actually shows negligence. Even Erastus, notwithstanding William's forgetfulness, found out that the case was for trial on the morning it was to be tried, and attorneys were employed, who were present at the introduction of the evidence, and cross-examined the witnesses, and no motion was interposed to place the parties in a position to present any defense until after the damages were assessed by the Court. This of itself showed negligence in suffering the Court to go through with the labors of a trial, and after finding the opinion of the Court adverse to them, seeking to place themselves in a position to make defense.

In addition to the negligence shown in the affidavit, it fails to disclose anything that would defeat the claim of the plaintiffs. The defense claimed in the affidavit is but partial.

We think the motion was correctly overruled.

A motion for a new trial was then made by the defendants, and some seven reasons filed in support of the same. We doubt the defendants being in a position to have presented this motion, but the reasons for a new trial assigned in the motion, raise the same questions, with the exception of the first and second, which we have already decided adversely to the defendants.

Sneaghan *et al v.* Briggs *et al.*

On the first and second reasons for a new trial, we believe the finding of the Court is fully sustained by the law and the evidence.

The motion was therefore rightly overruled.

The judgment of the Special Term is therefore affirmed.

NOTE.—Every material allegation of the complaint, and answer not denied, is for the purposes of the action, taken as true. *See* 2 *G. & H., Sec.* 74, *and authorities cited thereto.*

Where a default has been regularly taken, the Court is not authorized to set it aside, unless the defendant shows affirmatively, that he has a meritorous defense to the action—15 *Ind.,* 183—and the nature of such defense must be distinctly stated in writing, and verified by affidavit. *Same,* 139.

It is not enough for a party applying to have a judgment set aside, to allege that he was unable to attend, and make his defense, without showing the nature, or cause of such inability. *Same.*

In the absence of contrary proof the appellate Court will presume, that the Court below, when it ordered the default, was fully satisfied by evidence, that the process was regularly served—*Same* 183. An appearance is equivalent to a personal service of the summons. 5 *Sand.,* 423.

An affidavit of a good and substantial defense in the cause, is a sufficient affidavit of merits. 3 *Johns,* 449. *See also* 5 *Johns.,* 360. *But see for qualification,* 5 *How.,* 233, 238.

An affidavit of defendant's attorney is not sufficient. 3 *Johns.,* 258; *see also* 4 *Hill,* 61.

On an application to set aside a regular default, the defendant must disclose his defense. 1 *Barb. Ch.,* 173.

A default will not be opened to let in a technical defense, or to enable a party to raise technical objections. 6 *Paige,* 571; 3 *do.,* 573; 8 *do.,* 197; 10 *do.,* 369.

Any matter which can properly mitigate damages, may be shown on the assessment of damages on a default to answer. 12 *Howard,* 342.