(26 Misc. Rep. 305.)

## RANDERSON v. WHITE STAR TOWING CO.

(Supreme Court, Special Term, Albany County. February, 1899.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—AFFIDAVIT.

To entitle defendant to a change of the place of trial to promote the convenience of witnesses, it must appear that he is advised by his counsel that he cannot safely proceed to trial without their testimony. The affidavit of a layman that, without their presence, defendant cannot so proceed, is insufficient.

Action by John P. Randerson against the White Star Towing Company. Heard on motion by defendant for a change of venue. Denied.

Foley, Wray & Taylor, for the motion.

Worthington Frothingham, opposed.

CHESTER, J. The defendant moves, upon the affidavit of its vice president, to change the place of trial. The affidavit contains the usual affidavit of merits; the statement "that deponent has fully and fairly stated to defendant's counsel the facts which he expects to prove by each and every one of the following witnesses, and that each and every one of them is a material and necessary witness for defendant's defense on the trial of this case, as deponent is advised by his said counsel, and verily believes." Then follow the names and places of residence of the witnesses, and a statement of facts which deponent expects to prove by them. He then states that "all of the witnesses above mentioned are believed to be material and necessary to the defendant for the proper defense of this action, and defendant will. be unable to proceed to trial without their attendance." The affiant nowhere states that, without the testimony of each and every of the witnesses named, the defendant cannot safely proceed to the trial of the case, as it is advised by its counsel and verily believes. As the affidavit stands, there is simply the statement of the belief of a layman that the defendant will be unable to proceed to trial without the attendance of these witnesses. The cases hold that the court is entitled, upon cases of this kind, to have the sworn advice of an attorney, who is an officer of the court, not only as to each witness being necessary and material, but also that the party cannot safely proceed to trial without the testimony of each and every one of them. The latter of these elements is wanting in this affidavit, and it is for that reason defective, under the authorities. Carpenter v. Insurance Co., 31 Hun, 78; Chapin v. Overin, 72 Hun, 514, 25 N. Y. Supp. 627; Anon., 3 Wend. 425; Constantine v. Dunham, 9 Wend. 431; Brittan v. Peabody, 4 Hill, 61, note on page 65.

Motion denied, with $10 costs to the plaintiff to abide the event.