ALLEN *vs.* FORSHAY and others.

In an action *against a public officer* for acts done by him by virtue of his office,
the venue will be changed on his application to the county where the fact
complained of happened ; but if there be a dispute whether the action be or
be not *local*, the motion will be disposed of upon the usual grounds.

THIS was a motion to change the *venue* from New-York to
Westchester. The action was *trespass* for taking and carry-
ing away a quantity of mahogany and other timber, alleged
in the declaration to have been taken at Yonkers, in the coun-
ty of Westchester, to wit, at, &c. *Forshay,* one of the de-
fendants, made affidavit that the property in question was taken
by him as under sheriff of the county of Westchester, by vir-
tue of an execution against R. G. A., the father of the plaintiff,
and that the other defendants acted in his aid and assistance ;
he also stated that he had 22 witnesses residing in Westches-
ter. The plaintiff made affidavit that he had 25 witnesses re-
siding in New-York.

September 4.

*By the Court,* SUTHERLAND, J. The question here is, whe-
ther, when the action is *local* and the venue is laid in a wrong
county, the court will change the venue on the application of
the defendant, or leave him to the remedy given by statute to
*nonsuit* the plaintiff at the trial. 2 R. S. 353, § 14, and 409,
§ 3. When it clearly appears that the action is *local*, and the
defendant moves to change the venue, his motion ought to be
granted ; but when there is a dispute whether the action be or
be not local, the motion to change the venue ought to be de-
termined upon the usual grounds governing in these cases, viz.
the convenience of the parties and their witnesses. Here the
action, beyond all doubt, is local, and the motion is accordingly
granted.