57 U.S. 106
 16 How. 106
 14 L.Ed. 864
 WILLIAM ROBERTSON, TRUSTEE OF THE COMMERCIAL BANK OF
NATCHEZ, PLAINTIFF IN ERROR,
v.
HENRY R. COULTER, AND JAMES RICHARDS, EXECUTORS OF
JOSEPH COLLINS, DECEASED.
 December Term, 1853
 
 THIS case was brought up from the High Court of Errors and Appeals of the State of Mississippi, by a writ of error issued under the twenty-fifth section of the Judiciary Act.
 The facts of the case are stated in the opinion of the court.
 Mr. Lawrence, for the defendants in error, moved to dismiss the writ for want of jurisdiction, inasmuch as there does not appear to have been drawn in question any treaty or law of the United States, and the State law, (the validity of which was affirmed by the court below,) was in no respect repugnant to the Constitution of the United States.
 This motion was argued by Mr. Lawrence, in support of it, and by Mr. Porter and Mr. Wharton, against it.
 Mr. Lawrence. The act of 1843, of the Mississippi legislature prescribing the mode of proceeding against delinquent banks, (Hutch. Code, 329,) had provided that an information in the nature of a quo warranto might be filed against banks suspected of having violated their charter, and upon trial and proof a judgment of forfeiture should be pronounced; upon which judgment of forfeiture it was made the duty of the court to appoint a trustee to take charge of the books and assets, and to collect all debts due such banks, and to apply the same to the payment of the debts of such banks in such manner as should thereafter be directed by law.
 Under this act, judgment of forfeiture had been obtained against the Commercial Bank of Natchez in the Adams County Court, the plaintiff in this suit had been appointed the trustee, all the debts of the bank had been paid, and all costs and charges incident to the trust, discharged when the present suit was instituted. The pleas which the defendant put in, raised the question as to the extent and nature of the trust created by the act of 1843: whether, on the one hand, the trustee was a mere officer of the court which appointed him for the simple purpose of receiving and collecting the assets of the bank for the purpose of paying the debts of the bank; or whether, on the other hand, he was constituted a full and complete representative of the bank for the benefit of stockholders as well as of debtors of the bank. The highest court of Mississippi have decided that the intention of the legislature, in the act of 1843, was simply to constitute an officer to collect the debts due to the bank for the sole purpose of paying the debts due from the bank, and that when that object was accomplished the trust was extinct, leaving the stockholders where the common law left them upon the dissolution of a corporation.
 It is difficult to see, from this simple statement of the case, what possible ground there is for the jurisdiction of this court. It is nothing more than the exposition, by the highest judicial tribunal of a State, of the meaning of a legislative act of that State. It is not contended that the act of 1843, itself is invalid, for the plaintiff derives all his authority from that act. It is not pretended that the act of 1843, as construed by the court, takes away any right secured by any previous act of the legislature. All that is maintained is, that because the Court of Appeals have not thought that the act of 1843 gives to Mr. Robertson, as trustee, quite as extensive powers as he supposes that act to give him, therefore this construction of the act has taken from his a right which his own construction had invested him with, and consequently this court has jurisdiction to overrule that construction.
 It will be seen, therefore, upon the face of the record, that the high court of Mississippi was employed in ascertaining what were the powers of a trustee under the act of 1843, what was the nature and extent of the trust, and whether, under that act, the trust was limited to preservation of the rights of the creditors of the bank. And the court decided that the act of 1843 saved from the common-law consequences of forfeiture, the debts due to the bank for the benefit of the creditors of the bank, and for no other purpose; that upon the true construction of the act of 1843, the trust being a limited official trust, was discharged and extinguished when the object for which it was created was attained; that the trustee had no power remaining after the trust was discharged. All of which was the mere construction of a legislative act by the judicial tribunals of a State, which construction this court have no more jurisdiction to inquire into and reverse upon this writ of error, than they would have to reverse the judgment of the Queen's Bench upon the construction of an act of parliament.
 As however a very metaphysical argument has been incorporated into the record under the form of a petition, it is proper to examine its soundness, so far as it may touch the jurisdiction of this court.
 The substance of that argument is, that by the common law debts to and from a bank were not extinguished by its dissolution, but only that they could not be enforced because there was no longer a party in existence for or against whom to enforce them. That the moment a representative of the bank is created by law, those debts are revived or continued in full vigor. From which two premises the conclusion is leaped to, that the law which takes away from such representative a right to collect for the benefit of all persons concerned in the bank, would be unconstitutional and void.
 Now we deny both the premises in this argument, and yet say that if they were admitted the conclusion would not follow; because where the creation and limitation of rights are both derived from and contained within the same legislative act, no such constitutional question can arise. If the rights were created by one act, and the limitation or restriction were made by another and subsequent one, then there might arise a question as to the validity of such subsequent act. And such was the very predicament in the Commercial Bank v. Chambers, 8 S. & M. 1. In that case the court decided that under the act of 1843, the trust was for the benefit of creditors, and that the trustee being invested with the power to sue and collect for the benefit of creditors, who had an interest in the fund, that this right became vested by the act of 1843, and that the subsequent act of 1846, taking away the right to sue for and collect for the benefit of creditors was so far void. But in this case the whole matter is contained in the same law. And the discussion below, and the decision of the court, was to determine the result of that whole law.
 But it will be perceived that the argument of Mr. Yerger assumes what the whole current of decisions, and especially those of Mississippi, contradict, namely, that the dissolution of a corporation does not extinguish the debts due to and from it. See the cases cited in the decision of the court, 2 Cushman, 321.
 But especially will it be seen, that the argument assumes that which was the question under discussion in the court below. It is a pure petitio principii. Mr. Yerger takes for granted that the trustee appointed by the court, under the act of 1843, was a full and complete representative, for all purposes, and for the benefit of all, of the extinct corporation. Now, that was the very question in the court below; and, so far from agreeing with the view of Mr. Yerger, the court below decided, as the court had decided in 8 S. & M. 1, that the trustee was not, upon the true construction of that act, a full representative of the bank, but was an official trustee to carry out the object of the act, namely, the payment of the creditors of the bank. And this court in effect decided the same thing in the case of Peale v. Phipps, 14 How. 374.
 As to that part of the argument which seems to deny the competency of the legislature to preserve so much of the effects of a dissolved bank from the effects of forfeiture as may pay the debts of the bank, leaving the interests of the stockholders to their fate at common law, I shall say but a word. If the legislature should deem it a matter of sound policy and justice, to preserve from destruction the debts due to creditors who were innocent of any of the acts which called for a forfeiture of the charter, and at the same time to leave just where they were those persons who had abused their trust, and made it necessary for the judicial tribunals to declare that trust at an end, certainly it would be within the legislative power to do so. The interests of stockholders are distinct from those of creditors. The policy of making a distinction between them in the conservative intervention of the legislature is very apparent. It is then a simple question of construction whether or not in fact the legislature has so done.
 Mr. Porter and Mr. Wharton, against the motion.
 It will be observed that the plea does not question the right of the plaintiff to bring the suit. It expressly sets forth that after his appointment, 'and after the commencement of this suit, he, the said plaintiff, collected and received' 'a large amount of money sufficient to pay,' &c. Stated in other words, the defendants' position is, that the plaintiff had a clear title to the notes and a perfect right to bring the suit, but that afterwards, because other debtors paid their debts, it became unnecessary and consequently unlawful to prosecute the action.
 Let it be observed that this plea strikes directly at the rights of the stockholders. If, as alleged, the debts of the bank are paid, these are the only parties to be affected by the decision of the court on the plea. The property of this large class of claimants, who are distributed as we may suppose over the whole Union, is thus left in the possession of those most expert in obtaining this property on solemn contracts to pay it back, made with the authorized agents of the stockholders. It is, therefore, respectfully urged that the decision of the Court of Appeals affects the rights of the stockholders.
 The plaintiff contends that the construction given by the latter court to the statute of 1843, impairs the obligation of the contract entered into by the drawer of these notes. This court will, it is true, adopt the construction given to the statute by the Court of Appeals, but if that construction impair the obligation of a contract, this court will certainly reverse the decision of the inferior court. The authorities on this point are so numerous as to require no citation.
 On a motion like the present, to dismiss the writ for want of jurisdiction, we suppose it sufficient to show that the case presents a fair legal question on the constitutionality of the Mississippi law. The motion can be applicable only where there is a clear, absolute want of jurisdiction. If the question were to some extent doubtful, it should stand over until the case came up regularly for argument. But we maintain that this court has jurisdiction.
 If the title to the debt passed to the plaintiff, it would be a violation of the constitutional provision respecting the obligation of contracts, to allow the defendant to avoid his obligation on the ground assumed by him and sustained by the Court of Appeals, namely, that since the institution of the suit, the plaintiff had collected so large an amount of money as to render it unnecessary to collect this money from the defendant. Such a plea admits the contract. It admits that the plaintiff had once a right to sue upon it and to collect the debt secured by it. The fact relied on is alleged to have arisen, not only after the contract had been made, but after the action upon it had been commenced. The obstacle thus interposed is that the plaintiff, as trustee, does not need the money for certain indicated purposes. The decision of the Court of Appeals is then made discharging the defendant from liability on the note. If there was any contract whatever, (which the plea admits) is not this impairing its obligation? Is it not destroying the contract altogether?
 Can it be doubted that the title to the debt did pass to the plaintiff? If it had been intended to extinguish it, this would have been done. The death of the corporation did not extinguish the debt morally, and the statute in terms does not do so, but merely removes a legal difficulty by designating the person who is to sue for it. The very same statute which destroyed the bank, preserved the debt alive, vested the ownership of it in the plaintiff, and, by implication, required him to sue for it. He was fully authorized to recover it; when recovered, he was directed to apply it in a particular manner—to do a future act which in no way concerns the defendant, for the recovery discharges him. It seems clear, therefore, that the debt did remain, and did pass to the plaintiff. If it remained at all, it remained as a unit. It could not remain for the half, and not for the whole. There is no instance of a contract being thus cut into pieces by legislative action. If recoverable at all, the whole is recoverable. If the contract stood, the amount of money which it secured must be determined by the contract, and not by the caprice, dishonesty, or energy of every other man in the community who had made similar contracts. It would be as reasonable to prescribe that a debt should remain, but that the amount of it should depend on the state of the weather at some future time, and that, too, without naming a time.
 In the defendant's brief it is suggested that the plaintiff cannot question the validity of the act of 1843, because he derives his authority from it. Certainly he cannot, and his position does not require that he should. That act empowers him to collect the debts due to the bank, and to apply the same to the payment of the debts of the bank. The act does not declare that after this point has been attained, he shall have no power to collect, or that he shall then begin to pay back to the debtors, sums previously received. If we are right in supposing the contract an entirety, and the debt a unit, the very power to collect any amount entitles him to collect the whole. For the surplus, he would be liable as any other trustee, to the parties having rightful claims upon it.
 These parties are the stockholders. This construction commends itself to our sense of justice. It was the duty of the legislature, when that body forfeited the charter of the bank, to protect the property in which individuals were interested. The rights of the State were satisfied by the divestiture of the chartered privileges of the bank. The presumption is, that the legislature intended to do what was right, by protecting private property, and not to inflict needless and wanton injury on individual rights. The construction contended for by the defendants and adopted by the Court of Appeals is, that this debt, and all others similarly situated, are absolutely forfeited, and that the stockholders, on whose behalf the contracts were made, shall suffer the loss. Against so unjust a result, every fair presumption should be made.
 It will be seen, by reference to the arguments which accompany the record, that the points here taken were made in the court below. It was there argued that so much of the act of 1843 as prevented a recovery for the benefit of stockholders, and restricted it to the benefit of the creditors, was void. We beg leave to refer to those arguments, and to make them a part of this brief.
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 1
 This case is brought here by writ of error directed to the High Court of Errors and Appeals of the State of Mississippi, under the 25th section of the act of 1789; upon the ground that a law of that State, under which this decision was made, impairs the obligation of contracts.
 
 
 2
 It is an action of assumpsit. The plaintiff declares on a promissory note made by Collins, in his lifetime, to the Commercial Bank of Natchez. The declaration avers that after the execution of the note, and before the commencement of this suit, a judgment of forfeiture was rendered against the bank on the 12th of December, 1845, according to a statute of the State in such case made and provided; and that the plaintiff was appointed by the court trustee, and as such took possession of this note; and that by means thereof and by force of the statute of the State, Collins became liable to pay him the money.
 
 
 3
 The defendants pleaded that the plaintiff, as trustee, had collectedand received of the debts, effects, and property of the bank, an amount of money sufficient to pay the debts of the bank, and all costs, charges, and expenses incident to the performance of the trust. To this plea the plaintiff demurred.
 
 
 4
 The Court of Appeals overruled the demurrer, and gave judgment for the defendant, upon the ground that the plea was a full and complete bar to the enforcement of the right set out in the declaration. And this judgment is now brought here for revision by writ of error.
 
 
 5
 A motion has been made to dismiss the writ for want of jurisdiction. And in the argument of this motion, a question has been raised whether, by the common law, the debts due to a bank at the time of the forfeiture of its charter would not be extinguished, upon the dissolution of the corporation, and the creditors without remedy. And cases have been referred to in the Mississippi Reports, in which it has been decided that by the common law (previous to any State legislation on the subject) upon the dissolution of a banking corporation, its real estate reverted to the grantor, and its personal property belonged to the State; that the debts due to it were extinguished, and the creditors without remedy against the assets or any of them which belonged to the bank at the time of the forfeiture.
 
 
 6
 But this question is not before us upon this writ of error, and we express no opinion upon it. The suit is not brought by a creditor of the bank, seeking to recover a debt due to him by the corporation at the time of its dissolution. But it is brought by a trustee appointed by a court of the State, under the authority of a statute of the State; and the question before the State court, which the pleadings presented, was whether the trustee was authorized, by the law under which he was appointed, to collect more money from the debtors of the corporation than was necessary to pay its debts, and the expenses of the trust.
 
 
 7
 Now, in authorizing the appointment of a trustee where a banking corporation was dissolved, the State had undoubtedly a right to restrict his power within such limits as it thought proper. And the trustee could exercise no power over the assets or credits of the bank beyond that which the law authorized. The Court of Appeals, it appears, decided that the statute did not authorize him to collect more than was sufficient to pay the debts of the corporation and the costs and charges of the trust. And, as the demurrer to the plea admitted that he had collected enough for that purpose, the court held that he could not maintain a suit against the defendants to recover more.
 
 
 8
 The question therefore presented to the State court was merely as to the powers of a trustee, appointed by virtue of a statute of Mississippi. His powers depended upon the construction of the statute. And we have no right to inquire whether the State court expounded it correctly or not. We are bound to receive their construction as the true one. And this statute, as expounded by the court, does not affect the rights of the creditors of the bank or the stockholders. The plaintiff does not claim a right to the money under a contract made by him; but under the powers and rights vested in him by the statute. And if the statute clothes him with the power to collect the debts and deal with the assets of the bank to a certain amount only, and for certain purposes, we do not see how such a limitation of his authority interferes in any degree with the obligation of contracts.
 
 
 9
 The writ of error to this court must consequently be dismissed for want of jurisdiction.
 
 Order.
 
 10
 This cause came on to be heard on the transcript of the record, from the High Court of Errors and Appeals of the State of Mississippi, and was argued by counsel. On consideration whereof it is now here ordered and adjudged by this court, that this cause be, and the same is hereby, dismissed for the want of jurisdiction.