PEOPLE *v.* SNAITH *et al.*

(*Supreme Court, Special Term, Oneida County.* December 29, 1889.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
   In an action for damages alleged to have been occasioned by fraud in repairing the state capitol, defendants' motion to change the place of trial from O. county to the county where the capital is situated, for convenience of witnesses, will be granted, where defendants' moving affidavits show that 43 of their material witnesses reside in the capital city, and several others in that county, and plaintiff's affidavits state but one material witness for it as residing in O. county, though its affidavits weaken the effect of defendants' affidavits as to some of the witnesses.

2. SAME—LOCAL PREJUDICE.
   An affidavit by plaintiff that a complaint against defendants for the fraud sued for was presented to two grand juries in the county where the capital is situated, and each failed to find a bill; that defendants resided in that county, employed many men, and had business relations with many more; and that, from the many rumors and insinuations of the press and citizens of the capital city, plaintiff believed that an impartial trial could not be had in that county, and that justice would be promoted by a trial in O. county,—is not sufficient to prevent a removal, under Code Civil Proc. N. Y. § 987, subd. 3, which provides that the court may change the place of trial where the ends of justice will be promoted thereby.

On motion for change of venue.
Action by the people of the state of New York against John Snaith, Timothy J. Sullivan, and Charles B. Andrews, for damages.
*Atty Gen. Tabor,* for the People. *Matthew Hale,* for defendants.

KENNEDY, J. The action is brought to recover the sum of $250,000 for damages alleged to have been sustained by the state, occasioned by the frauds of the defendants, and growing out of repairs done by them upon the ceiling of the assembly chamber in the state capitol building, situate in the city and county of Albany, in the summer of 1888, under and in pursuance of chapter 582 of the Laws of that year. The moving papers show that there are 43 persons residing in the city of Albany who are and each of them is a material witness for the defendants upon the trial of the action; several others are also named who reside in said county of Albany, and the facts which the defendants expect to prove by many of them are stated. Fifty-three witnesses are named in all as material and necessary for them. The moving affidavits are subject to the criticism that it is not shown that the defendants have been informed by the several persons named that they will be able to testify to the facts it is expected to prove by each. It is perhaps reasonably fair to presume that the list of alleged necessary witnesses has been made as large as possible, and larger perhaps than the actual need of the defendants will require upon the trial. On the part of the plaintiff, while the affidavits of the defendants are attacked, and in some respects weakened as to several of the witnesses named, but one witness is stated by them to be necessary and material who

resides in the county of Oneida. The application is based upon the convenience of witnesses alone, and in determining this question the place where the transaction took place, and the probability of the residence of material witnesses, is to be considered. When we recall the nature of the transaction assailed, and out of which the alleged fraud grew, and the many persons who must necessarily have been to some extent connected therewith and cognizant thereof, and among whom are included most of the state officers, we are forced to the conclusion that, for the convenience of witnesses alone, the county of Albany is the proper one in which to try the action. *People* v. *Hayes*, 7 How. Pr. 248; *Wiggin* v. *Phelps*, 10 Hun, 187; *Allen* v. *Forshay*, 12 Wend. 217. See note, *Brittan* v. *Peabody*, 4 Hill, 62; *Jordan* v. *Garrison*, 6 How. Pr. 6; *Goodrich* v. *Vanderbilt*, 7 How. Pr. 467.

The plaintiff seeks to retain the venue in the county of Oneida, upon the ground that the ends of justice will not be promoted by a change to the county of Albany, (referring to subdivision 3 of section 987 of the Code of Civil Procedure,[1]) and produces an affidavit which, it is claimed, tends to show that a fair and impartial trial of the action cannot be had in the latter county. Assuming that this question may be presented by the plaintiff in opposition to an application of the defendants to change for the convenience of witnesses, as I think it may, it will be found that the evidence tending to show the existence of a condition of things in the county of Albany, which will endanger the plaintiff's rights if a trial is had there, is not made sufficiently apparent to justify a denial of this motion. Applications of this nature have usually been made to change the place of trial from the county where the venue at the time was to some other, because an impartial trial could not be had. They have also been entertained in opposition to motions based upon the ground which this one is. To establish the fact so as to justify a change or a retention of the venue, it must be explicitly shown why the party is unable to obtain an unprejudiced court or jury. These facts must be clearly established, and not given merely as the speculative opinion of the party. *People* v. *Wright*, 5 How. Pr. 23. This was an action brought by the attorney-general, and involved the question whether the defendant, Henry Hogeboom, was elected a justice of the supreme court in the third judicial district at the November election, 1849. The venue was laid in the county of Columbia, and the motion was to change it to the county of Rensselaer. It was shown by the moving papers that the defendant had 175 witnesses residing in the latter county. The plaintiff claimed but 4 residing in the county of Columbia, but sought to defeat the application by showing that an impartial trial could not be had in the county of Rensselaer. To maintain this position the affidavits of several persons residing in each of the towns in said county were read, stating that the matters in controversy had been the subject of general conversation and comment throughout the county; that feelings and prejudices existed; and that they believed the electors of the county had generally and almost universally formed and expressed an opinion on the merits, which they would not be likely to change; also that such matters had been the subject of newspaper discussion in said county, and "that there has been and is much excitement on the subject; * * * and that for these and other reasons they believe that it is doubtful whether a fair and impartial trial can be had in said county of Rensselaer." The court granted the motion, saying: "I am at a loss to see how it will exclude the cause from the county of Rensselaer. * * * I have never found any great difficulty in obtaining fair and impartial juries, even in capital cases and other trials of great public interest, in the same counties where the offenses were committed, and where there had been much newspaper discussion and great public excitement." In the case of *Bowman* v. *Ely*, 2 Wend. 250, the action was for a

---

[1] This section and subdivision provide that the court may change the place of trial where the ends of justice will be promoted by the change.

libel in the publication of a hand-bill issued immediately before a general election by the defendants, styling themselves the "Anti-Masonic Central Committee." The defendants moved to change the venue from Oneida to Monroe county, for the convenience of witnesses. The motion was opposed on the affidavits of several disinterested and respectable individuals, in which they state, from their knowledge of the excitement then existing on the subject of Masonry, they believe that plaintiff could not have a fair and impartial trial in the county of Monroe. The court, however, granted the motion; saying they would not, on any speculative opinions formed by individuals, however reputable, interfere with the ordinary course and practice of the courts in the administration of justice. MARCY, J., said: "Pervading as may be the excitement referred to, the court repose confidence in the intelligence and integrity of the freeholders of Monroe. Should it unfortunately happen that the apprehension of the plaintiff is realized, he will not be remediless, as it will then be in sufficient time to interpose the strong arm of the law to cause the course of justice to flow unpolluted by passion or prejudice." To the same effect is *Messenger* v. *Holmes*, 12 Wend. 203; SAVAGE, C. J., saying, when it is found by actual experiment that a fair and impartial trial cannot be had in the county where the venue is laid, the motion will be granted, but not otherwise. *Moulton* v. *Beecher*, 52 How. Pr. 182; *People* v. *Baker*, 3 Abb. Pr. 42. In criminal cases, to entitle the defendant to remove the indictment to a county other than that where it is found, on the ground that an impartial trial cannot be had, he must make out a clear and convincing case, that by reason of popular passion or prejudice he cannot have a fair trial in the county where the venue is laid. *People* v. *Sammis*, 3 Hun. 560; *People* v. *Vermilyea*, 7 Cow. 139; *People* v. *Baker*, 3 Park. Crim. R. 181; *People* v. *Sharp*, 5 N. Y. Crim. R. 155.

The affidavit on the part of the plaintiff bearing upon this question shows that a complaint against the defendants was presented to two grand juries sitting in the county of Albany, with a view to obtaining an indictment against them for the fraud in this action set forth and complained of, and upon the evidence upon which the order of arrest herein was. founded; and that each failed to find a bill; "and that from this fact, as well as from the additional fact that each of said defendants resided in the county of Albany, and had employed many men, and had business relations with many more, and from the many rumors and insinuations made by the public press and the citizens of Albany that no bill probably would be found, or would be found against these defendants, the affiant verily believes that an impartial trial could not be had of this action in Albany county, and that the ends of justice would be promoted by having such action tried in Oneida county." Within the rule established by a long line of authorities, a few of which have been cited, and now too firmly settled to be overthrown unless by legislative action, it seems to me that the papers in this case fail to establish a case which justifies the court in holding that an impartial trial of this action cannot be had and the ends of justice promoted in Albany county. If the suggestions of the plaintiff are in fact well founded, the people are not without remedy. Should it appear, after trial had in said county, that an impartial trial cannot be had there, they may then apply for a change of venue to another; and upon satisfactory evidence of the existence of such fact the court will not be slow to order the necessary change; or, after a change to Albany county, the plaintiff may, without a trial even, upon showing satisfactorily that an impartial trial cannot be had there by reason of any improper acts of the defendants calculated to affect the judgment of a jury likely to be called, as held in *People* v. *Webb*, 1 Hill, 179, apply to the court for a change. This result, however, could only be attained in an extreme case, and one taking it outside of the general rule stated, (that a trial must be first had,) by reason of facts extraordinary, and which do not appear upon this. motion. It is far better

that established rules, sanctioned by experience in the administration of justice, should be adhered to, than by a departure to seek to guard against anticipated injustice, based upon suspicions or rumors of popular prejudice or popular clamor. The motion is therefore granted, with $10 costs to abide the event. The proper order will be entered, changing the place of trial from the county of Oneida to the county of Albany.