UTICA,
Aug. 1826.

Satterlee
v.
Groot.

SATTERLEE *against* GROOT.

*S. W. Jones,* for the defendant, moved to change the venue from *Albany* to *Schenectady.*

He read an affidavit of the defendant, that he had thirteen witnesses residing in *Schenectady,* whose testimony, as he was advised by counsel and verily believed, would be material to his defence ; but he did not add that, *as he was advised by counsel and believed, he could not safely proceed to trial without their testimony ;* and therefore,

*J. L. Wendell,* contra, objected that the affidavit was defective.

*Curia.* The point has not before been raised ; and the practice has been different. There is often a very great laxity of swearing upon these motions ; and the party should certainly be holden to express himself clearly. That the witnesses are *material,* implies perhaps that the party cannot safely proceed without them ; but the expression may be considered equivocal by the party. That witnesses residing in the county to which the venue is sought to be changed, know of a material fact, is not enough. A dozen witnesses residing in the county where the venue is laid, may know the same thing ; and be more easily reached than those in the other county ; and yet, in one sense, the testimony of these may be said to be material. But it would be no ground for a change of venue. The witnesses intended are such that the party cannot safely go to trial without their testimony ; and he should swear to this under the advice of counsel. The motion must, therefore, be denied, for the defect of the affidavit ; but as the point has not been before decided, this must be without costs.

Motion denied.

The affidavit for a change of venue should state, that the witnesses, on account of whose place of residence the venue is sought to be changed, are such that, under the advice of counsel, the party cannot safely proceed to trial without them.