NEW YORK,<br>May. 1827.<br>Anonymous.

Rule accordingly.[1]

SUTHERLAND, J., was absent.

---

### ANONYMOUS.

L. FORD, for the defendant, moved to change the venue from the county of Oneida, &c. The motion turning on the balance of the number of witnesses.

*E. Griffin*, contra, read the plaintiff's affidavit of a balance of number in Oneida. These were stated, by the affidavit, to be material and necessary, &c., and it was perfect as to the witnesses collectively ; but did not say that each of them were material, &c., necessary, &c., and without each of whose testimony, &c., as advised, &c., he could not proceed to trial, &c.

*The affidavit to change, or retain a venue, on the ground of a balance in the number of witnesses, must state that each of the witnesses are material, &c., without each of whose testimony, &c., as advised, &c.*

And for this defect, the Chief Justice, (Woodworth and Sutherland, Js. being absent,) pronounced the affidavit defective.

Motion granted.(a)[2]

(a) See Anonymous, 6 Cowen, 389, S. P.

[2] Mr. Monell (Monell's Pr. 2d. ed. 353, *et seq.*) states the existing practice in the state of New York, as follows:—The most usual ground for a change

of the place of trial is, that a greater number of witnesses reside in the county to which it is proposed to have the place of trial changed, than in the county designated in the complaint; and this, ordinarily, is sufficient to procure the order; it is also proper to state in the affidavit that the transaction which is the subject of the action occurred in the county to which it is proposed to change the place of trial, which will be *prima facie* evidence that the witnesses to it reside there.

And it is provided by rule, (Rule 45,) that in addition to what has usually been stated in the affidavit, either party may state the nature of the controversy, and show how his witnesses are material: and may also show where the cause of action or defence, or both of them, arose. These facts will be taken into consideration by the court, in fixing the place of trial.

The largest number of witnesses will not always govern, unless it clearly appear that they are necessary and material; for if the party seeking the order to change the place of trial should swear to a hundred and sixteen witnesses, in a case where the court could see that such a number could not be necessary or material, the motion would be denied, though the opposite party should swear to but *fifteen* witnesses. *Wallace* v. *Bond,* 4 Hill's Rep. 536.

And the rule is, that the convenience of witnesses is to be ascertained from their residence, and the place of trial will not be changed even although they may have to travel a greater distance than to the court-house in an adjoining county in attending court. *People* v. *Wright,* 5 How. Pr. R. 23; 1 Hill, 671. But in another case, (*Mason* v. *Brown,* 6 How. Pr. R. 481,) where Madison was the proper county, and the place of trial had been changed there upon the demand of the defendant, the court, upon the motion of the plaintiff, afterwards changed it to Albany, upon its appearing that the transaction which was the subject of the suit took place at Greenbush, in the county of Rensselaer, and that the witnesses resided there. And the court say: "It has never been held, that in a case like this, where the witnesses reside within a mile of the place where it is sought to have the trial take place, they are to be disregarded in determining the place of trial because they do not reside in the same county."

A motion to change the place of trial, may be made at any time before the trial of the action, but not until after the *issue* is joined. (Rule 44, and note to rules.) But the motion should be made at the earliest practicable day after issue joined; for if it is delayed until after answer, and the cause should be noticed for trial, the defendant will have to pay the plaintiff's costs of preparing for trial, and perhaps the whole costs of the circuit, (5 Wend. Rep. 102,) and the costs of resisting the motion. Besides, no order to stay proceedings for the purpose of making the motion, will be granted, unless it appears from the papers that the defendant has used due diligence in preparing the motion for the earliest practicable day after issue is joined. Rule 45.

It seems, however, that in the class of actions which are *local,* such as actions which must be tried in the county in which the subject of the action or some part thereof is situated, (Code, sec. 123,) or actions which must be tried in the county where the cause or some part thereof arose, (Code, sec. 124,) that if the plaintiff has designated an improper county in his com-

plaint, as the place of trial, the defendant, before or at the time of serving his answer, should demand in writing that the trial be had in the proper county. Ibid. sec. 126. And if the defendant omit to do so, and serves his answer, the court will not, upon an application for the purpose, grant the motion upon that ground. At any rate, the defendant would have to pay costs of resisting the motion.