LIZZIE MYERS, APPELLANT, *v.* THE VILLAGE OF
LANSINGBURGH, RESPONDENT.

*Venue — affidavits used on a motion to change.*

Upon an appeal from an order changing the place of trial it appeared that the moving affidavit did not show what information the affiant had which enabled him to state that the several persons named as necessary witnesses would be able to testify to the facts set forth in the affidavit.

*Held,* that the claim made by the appellant, that this omission was a fatal defect, could not be maintained.

That the old rule intimated in the case of *Kelly* v. *Maltham* (2 W. Dig., 173) was more stringent than that now exacted, as was decided in the case of *Carpenter* v. *Continental Insurance Company* (31 Hun, 78).

That the requisite formalities specified in the latter case (including an affidavit of merits) being observed, the main test of such a motion was, what does sound discretion require ?

That where good faith is not obvious a critical inspection of the affidavits may test the good faith in which they are made.

APPEAL from an order made at Special Term, held in Albany county, which was entered in the office of the clerk of Albany county, on July 2, 1888, changing the place of trial of this action from the county of Albany to the county of Rensselaer.

*Doyle & Fitts*, for the appellant.

*A. C. Comstock*, for the respondent.

LANDON, J. :

Upon the merits the order appealed from appears to be right. The moving affidavit does not show how the affiant was able to state that the several persons named as necessary witnesses could testify as set forth in the affidavit, and the appellant insists that under *Kelly* v. *Maltham* (2 Week. Dig., 173) this omission is a fatal defect. The rule intimated in the case cited is more stringent than we usually exact. (*Carpenter* v. *Continental Ins. Co.*, 31 Hun, 78.)

The requisite formalities as specified in the case last cited, including an affidavit of merits, being observed, the main test of such motion is, what does sound discretion require? Where this is not obvious a critical inspection of the affidavits may test the good faith in which they are made.

A full report of *Kelly* v. *Maltham* would probably show that the affidavit criticised was not free from suspicion.

The order should be affirmed, with costs.

FISH, J., concurred; LEARNED, P. J., taking no part.

Order affirmed, with ten dollars costs and printing disbursements.