TROPE *v.* SARATOGA ASSOCIATION FOR IMPROVEMENT OF BREED OF HORSES, Etc.

*(Supreme Court, General Term, First Department.* December 31, 1890.)

CHANGE OF VENUE—SCENE OF ACCIDENT—NUMBER OF WITNESSES.

On an application for a change of venue for convenience of witnesses in an action for damages for personal injuries sustained by the plaintiff in a fall from the stairs of a platform stand, the construction of such stairs, the accustomed use thereof by the public without injury, and the fact that defendant was not in possession of the premises at the time of the accident, are all matters of defense, to which defendant was entitled, requiring the testimony of various and numerous witnesses; and under the rule that, where the number of necessary and material witnesses is substantially equal on either side, the place where the transaction occurred ought generally to control in applications for change of place of trial, defendant is entitled to a change to such place.[1]

Appeal from special term, New York county.

Action by Elizabeth Trope against the Saratoga Association for Improvement of Breed of Horses, etc. A motion to change the place of trial was denied, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*H. Russell,* for appellant. *Joseph A. Shoudy,* for respondent.

VAN BRUNT, P. J. This action was brought in November, 1889, to recover damages for personal injuries claimed to have been sustained on the 12th of

[1] See People v. Coughtry, ante, 259, and note on change of venue.

August, 1886, by falling down the stairs leading to the grand-stand on the Saratoga race-track. . It is alleged in the complaint that the property was in the possession of the defendant at the time of the accident, and that the stairs were carelessly and negligently constructed, in that, being covered and lengthy, the light was to a great degree obscured so as to make it difficult to see clearly on entering, and rendering a railing or other means of support indispensable to the safety of those descending the same, and because of the want of such railing the plaintiff suffered her injuries. The defendant claimed that it would be necessary for it to produce a large number of witnesses to prove that the stairs were in good repair and properly constructed. The plaintiff's answer to the application seems to have been that these witnesses were not necessary because the want of a railing is the only defect alleged, and it is upon this ground that the learned court seems to have denied the application. This view of the allegations of the complaint seems to us to be erroneous. Not only the methods of construction of these stairs must be the subject of investigation, but the results arising from such construction, because the allegation of the complaint is that such railing was rendered necessary because the stairways were covered, and so long that they to a great degree obscured the light. How great this obscuration was the defendant had the right to establish by the evidence of more than one witness, and could not be restricted by the rule of the court in that regard to one witness. Neither could it be restricted to the evidence of one witness in regard to the method of construction. It had a right to establish, by such number of witnesses as would carry weight to the jury, what the particular facts relating to such construction were. There was another class of proof which it might have the right to enter into, and that was that, for a period of ten years before this accident, thousands of people had used these stairs without falling, and such an accident could not reasonably have been anticipated. A fact of this description could not be established to the satisfaction of a jury by a single witness, and it might have the right to show this fact. It is no answer to such a claim that such evidence is entirely immaterial, unless it was patent, which it is not. The defendant desired to establish also the fact that it was not in possession of the premises at the time of the accident, and therefore not responsible therefor. All these branches of defense were such as the defendant had a right to claim to make use of, and they required the testimony of various and divers witnesses. The affidavits upon the part of the plaintiff show that certain witnesses were to be examined upon her behalf. But it is apparent that the testimony which could be given by some of these witnesses was of the most trivial character, and that there is the same attempt upon the part of the plaintiff to amplify the number of witnesses which the defendant has also indulged in. But the claims made upon the part of the defendant as to the number and necessity of the witnesses seem to be much better founded that those of the plaintiff. The accident occurred in Saratoga county, which appears to be the defendant's place of residence; and applying the rule that, where the number of necessary and material witnesses is substantially equal, the place where the transaction occurred ought generally to control, we think that the order should be reversed, with $10 costs and disbursements, and the place of trial changed to Saratoga county.