PETER J. SMITH, Respondent, v. JOHN MACK, Appellant.

*Change of venue — the affidavit need not state that the witnesses are "necessary" —
nor the source of the affiant's information.*

On an application made by a defendant to change the place of trial on the ground
of the convenience of witnesses, if the moving affidavit states that each and
every of the witnesses mentioned are material witnesses for the deponent on
the trial of the cause and that without the testimony of each and every one of
them the moving party cannot safely proceed to trial, as he is advised by his
counsel and believes, he shows that the witnesses are necessary as well as
material, although the word "necessary" is not used in the affidavit.

It is not necessary that it should be stated in the moving affidavit what informa-
tion the affiant had, which enabled him to state that the several persons

named as necessary witnesses would testify to the facts as set forth in the affidavit.

APPEAL by the defendant, John Mack, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Columbia on the 21st day of February, 1893, denying a motion for an order changing the place of trial of the action from the county of Columbia to the county of Albany for the convenience of witnesses.

*Edward J. Meegan,* for the appellant.

*Chancellor Hawver* and *Eugene Burlingame,* for the respondent.

PUTNAM, J. :

Appeal from an order of the Albany Special Term denying a motion made by defendant to change the place of trial from the county of Columbia to that of Albany.

The plaintiff insists that the defendant's moving affidavit is fatally defective in omitting to state that the witnesses named are not only material but also " necessary." The part of the affidavit referred to after stating the names and residences of each of the witnesses, is as follows : " Are each and every of them material witnesses for this deponent on the trial of this cause, as he is advised by said counsel, and verily believes; and that without the testimony of each and every of said witnesses deponent cannot safely proceed to the trial of this cause, as he is also advised by said counsel, and verily believes." Plaintiff's contention is that the affidavit should have contained the words " *and necessary,*" between " material " and " witnesses."

It will be seen that the form of the moving affidavit is the same as that set out in the note in *Brittan* v. *Peabody* (4 Hill, 66). In the form therein given the word " necessary " is not used. In the note in the same case (4 Hill, 65), the following doctrine is laid down : " It must be shown, moreover, that they are each and every of them material to the defense (or for the defendant) (*Anonymous,* 1 Hill, 668), as the defendant is advised by his counsel, and verily believes. (*Anonymous,* 3 Wend. 425 ; *Anonymous,* 7 Cowen, 102.) They must appear to be necessary also, as well as material (*Satterlee* v. *Groot,* 6 Cowen, 33 ; see *Young* v. *Scott,* 3 Hill, 32–35), and for

this purpose, the affidavit adds that without the testimony of each and every of the witnesses, the defendant cannot safely proceed to the trial of the cause, as he is advised by his counsel, and believes. (*Satterlee* v. *Groot*, 6 Cowen, 33; *Anonymous*, 7 id. 102; *Anonymous*, 3 Wend. 425.)"

We think it appears from the above quotation and the authorities therein cited, that on the motion to change the place of trial for the convenience of witnesses, while it is necessary to show the advice of counsel, that the witnesses are material and necessary, if the affidavit states that each and every of the witnesses mentioned are material, and that without the testimony of each and every of them, the moving party cannot safely proceed to trial, as he is advised by his counsel and believes, he *does* show that the witnesses are necessary as well as material.

The respondent also claims that the moving affidavit is defective in not alleging what information the affiant had which enabled him to state that the several persons named as necessary witnesses would testify to the facts as set forth in the affidavit. As the General Term of this district, in *Myers* v. *The Village of Lansingburgh* (54 Hun, 623), has held that such an allegation is unnecessary, this objection need not be considered.

The action was brought to recover $1,888 from defendant as a stakeholder for wagers made with him in the city of Albany between November 1, 1891, and February 5, 1892. There were 214 different bets set out in the bill of particulars and all made in the city of Albany. We do not deem it necessary to discuss at length the affidavits of the parties read on the motion. But all the transactions set out in the pleadings occurred in the city of Albany, and from that fact, as well as from said affidavits, we think it appears that the convenience of witnesses will be promoted by a change of the place of trial from the county of Columbia to the county of Albany. The papers show a greater number of witnesses in the latter county. In such a case as this, it is well settled that the place where the transactions between the parties occurred is an important element in determining where the trial shall be had. (*Maynard* v. *Chase*, 30 N. Y. St. Repr. 348; *Trope* v. *The Saratoga Association*, etc., 36 id. 127, 128.)

The order should be reversed, with ten dollars costs and disburse-

ments, and the motion to change the place of trial granted, with ten dollars costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion to change the place of trial granted, with ten dollars costs to abide the event.