ALVIN P. CHAPIN, Appellant, *v.* HENRY C. OVERIN and ANTHONY MARKERT, Respondents.

*Change of venue — convenience of witnesses — requisites of the moving affidavit.*

It is an essential part of the defendant's affidavit, on which to base a motion for a change of the place of trial on the ground of the convenience of witnesses, that it should state that the defendant has stated to his counsel the facts which he expects to prove by his witnesses, and that his counsel has advised him that his witnesses are necessary and material, and that without the testimony of each and every one of them he cannot safely proceed to the trial of the action.

In an action brought in the county of Monroe to recover damages for a personal injury alleged to have been received by the plaintiff through the negligence of the defendants' servant in running against him with a coach and horses on a street in the city of New York, the defendants moved to change the place of trial to the county of New York, on the ground of the convenience of witnesses. The moving affidavit, made by one of the defendants, which was not aided by the pleadings, failed to allege any statement of the facts to counsel or the advice of counsel, and failed to show any reason for the belief of the affiant that the proposed witnesses would testify as stated, or to disclose facts sufficient to enable the court to ascertain therefrom that more than one of the proposed witnesses residing in the county of New York were material and necessary witnesses.

*Held,* that the affidavit was too informal and defective to warrant the granting of the motion.

APPEAL by the plaintiff, Alvin P. Chapin, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of Monroe county on the 26th day of April, 1893, granting the defendants' motion to change the place of trial of the action from the county of Monroe to the county of New York.

The action was brought to recover damages alleged to have been sustained by the plaintiff by the negligence of the defendants' servant in running against him with a coach and team of horses on Broadway in the city of New York.

The answer admitted that the plaintiff received some slight injuries to his person on the occasion referred to, and put in issue all the other allegations of the complaint.

*Abram Benedict*, for the appellant.

*James S. Thompson*, for the respondents.

LEWIS, J. :

It is quite likely that the defendants would have been entitled to an order changing the place of trial to the county of New York, had their papers been prepared in accordance with the well-settled practice and rules of the court upon motions of this character.

The respondents must rely entirely upon the affidavit of the defendant Markert to sustain their order, for the pleadings do not throw any light upon the question.

Markert's affidavit seems to have been prepared in disregard of pretty much every rule which the courts have found it necessary to adopt and enforce in order to guard against imposition in the decision of this class of motions.

That portion of the affidavit which it is necessary to consider is as follows :

" The place where the injuries are in the complaint alleged to have occurred, and where the plaintiff did actually sustain some slight injuries, is at or near the intersection of Broadway and Fourteenth street in the city of New York.

" The plaintiff, after he sustained such slight injuries at the said place, charged one Thomas Riley, the driver of said carriage, of having caused such injuries by his negligent driving.

" Immediately thereafter the said Riley went to a neighboring police station in company with one Gill, a police officer.

" The plaintiff was there examined by one Dr. Walsh as to the character and extent of said injury.

" After such examination the plaintiff made a statement as to the cause of the accident, which statement deponent believes was heard by Dr. Walsh, Officer Gill, the said Riley and the officer in charge of said station, whose name is not known to deponent.

" Deponent further says that the said Thomas Riley, Dr. Walsh, the said Gill, the said officer in charge of said station, and both of the defendants herein, are material and necessary witnesses for the defense on the trial of this cause.

" That without the testimony of each and every one of said witnesses the defendants cannot safely proceed to the trial of this action ; that each and every one of said witnesses resides in the city and county of New York.

" Deponent expects to prove by said Riley that the plaintiff was not struck by the pole of the coach he was driving, or was struck by the said coach or horses.

" By the said Gill and said other police officer, that the statements made by said plaintiff at said police station did not charge the defendants' alleged servant with negligence.

" By the said Dr. Walsh that the said plaintiff sustained but slight injuries.

" By the defendants, that they were not copartners at the time of said accident, and that Riley was not employed by the defendants as such alleged copartners."

The affidavit, it will be observed, fails to state that the defendants had stated to their counsel the facts which they expected to prove by their witnesses. It also fails to state that their counsel advised them that their witnesses were necessary and material, and that without the testimony of each and every one of them they could not safely proceed to the trial of the action.

These are essential parts of an affidavit on which to base a motion for a change of place of trial.

Attorneys are sworn officers of the court.

If, after they had been fully and fairly informed by their client as to what he expects to be able to prove by his witnesses, the

attorney advises that they are necessary and material, and that he cannot safely proceed to trial without them, the court act upon such advice. It would be quite absurd to take in the place of such advice the opinion of a party to the action who is not an attorney, and presumably not qualified to determine as to the materiality of evidence.

Courts have held parties to a strict compliance with these requirements.

In *Onondaga Bank* v. *Shepard* (19 Wend. 10), the chief justice laid down the following rule : " On a motion to change the venue, or on opposing such motion, the party making an affidavit is bound to allege that he has fully and fairly stated his case to his counsel, and disclosed to him the facts which he expets to prove by each and every of his witnesses."

In *Carpenter* v. *Continental Insurance Co.* (31 Hun, 78), LEARNED, P. J., says : " We think it well to hold parties to those forms which have been settled in order that courts may reasonably determine how many witnesses will in fact be required."

In *Noye Manufacturing Co.* v. *Whitmore* (23 Wkly. Dig. 424), HAIGHT, J., says : " The strict requirements established by numerous decisions as to the contents of affidavits upon motions to change the place of trial are proper, and should not be relaxed, and when the applicant fails to state in his moving affidavits that without the testimony of each and every of the witnesses named he cannot safely proceed to the trial of the cause, as he is advised by his counsel and verily believes, the motion should be denied, except possibly in a case where the affidavit is so full and definite that the court can see that the party could not proceed to trial without the testimony of each witness."

The pleadings in this latter case were made a part of the moving papers, and from them the court was able to determine the materiality of the testimony of the witnesses named independent of the advice of counsel.

The parties were held strictly to this rule in *Anon.* (7 Cow. 102 ; 6 id. 389 ; 3 Wend. 425); *Johnson* v. *Rogers* (3 Cow. 14). There is an instructive collection of authorities upon this question in a note to *Brittan* v. *Peabody* (4 Hill, 62).

The affidavit also fails to show any reason for the belief of the affiant that the proposed witnesses will testify as stated.

It fairly appears from the moving affidavit that Dr. Walsh will be a necessary witness for the defense.

Allusion is made in the affidavit to a conversation at the police station in New York, but the purport of the conversation is not stated, and, therefore, throws no light upon the question as to its materiality as evidence.

The affidavit states that the deponent expects to prove by said Riley that the plaintiff was not struck by the pole of the coach he was driving or was struck by the said coach or horses. It is difficult to understand just what the affiant meant by this statement; it can hardly be claimed to negative the allegation that plaintiff was in fact so struck. It is possible that Riley may be an important witness, but the affidavit fails to show it.

As to Gill and the police officer whose name is not given, there is an utter failure to show that they are necessary witnesses.

The plaintiff swears to the materiality of nine witnesses for the defense, all residents of the county of Monroe.

Making due allowance for the proneness of parties to exaggeration in such cases, the affidavit fairly shows the necessity for the attendance of five or six witnesses resident in that county.

The defendants failed, we think, to show that the convenience of witnesses would be promoted by a change of the place of trial to the county of New York.

We are unwilling to make a precedent by sustaining an order changing the place of trial upon such an informal and defective affidavit. It is quite likely that the attention of the learned judge who decided the motion was not fully called to the imperfections in the affidavit.

The order appealed from should be reversed, with ten dollars costs and disbursements of the appeal, with leave, however, to the defendants, upon payment of the costs of the appeal, to renew the motion upon new papers.

DWIGHT, P. J., and HAIGHT, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, with leave, however, to the defendants to renew the motion upon new papers on the payment of such costs and disbursements.