(5 App. Div. 555.)

### BELL v. WHITEHEAD BROS. CO.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

1. CHANGE OF VENUE—PLACE WHERE TRANSACTIONS OCCUR.

Where it appears on a motion for change of venue to the county in which the transactions involved in the action occurred, that all defendant's witnesses reside in that county, while plaintiff's witnesses reside in other counties, and are equal in number to defendant's witnesses, the application will be granted.

2. SAME—CONVENIENCE OF WITNESSES—INFORMATION OF AFFIANT.

Though it is the rule in the Third judicial department that a party asking for a change of venue for convenience of witnesses need not allege in his affidavit what information he has which enables him to state that the witnesses will testify to the facts as set forth in the affidavit, the failure of affiant to make such statement may be considered in passing on the merits of the motion.

Appeal from special term, Greene county.

Action by Annie Bell against the Whitehead Bros. Company. From an order denying a motion to change the place of trial from the county of Greene to the county of Saratoga, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Edgar T. Brackett, for appellant.
Sidney Crowell, for respondent.

HERRICK, J. This is an appeal from an order denying a motion of the defendant to change the place of trial from the county of Greene to the county of Saratoga. The motion was made upon two grounds: First, that the county of Saratoga was the proper county; and, second, for the convenience of witnesses. The complaint alleges that the plaintiff owned a quantity of molding sand, situate in the town of Clifton Park, Saratoga county; that defendant, by its officers, servants, agents, and employés, wrongfully took a large quantity of such sand from where it lay, and shipped it to New York City, and there sold it, and converted the proceeds to its own use and benefit; and asks damages from the defendant for such conversion. The answer consists of a denial, and an allegation that the defendant is the owner of the sand, and therefore rightfully in possession of it. The affidavits disclose that the plaintiff claims to have purchased by written contract, of one Miller, the owner of a farm in Clifton Park, Saratoga county, "all the molding sand upon that parcel of land owned by said Miller, bounded on the

south and west by the farm of Grandis Vischer"; that such parcel of land contained about 13 acres. The defendant, in the affidavits used in its behalf, denies that any of the sand that it took was any portion of that sold by Miller to the plaintiff. It will be observed that the taking of the sand was in Saratoga county. Both the parties swear to about an equal number of witnesses. All of the defendant's witnesses are said to reside in the town of Clifton Park, Saratoga county, where the farm in question is situated. The plaintiff's witnesses are alleged, some of them, to reside in Greene county, some in Albany county, and one on Long Island.

Assuming, for the purposes of this motion, that the number of the plaintiff's witnesses who are not residents of Saratoga county are equal in number to those of the defendant who are residents therein, it seems to me that, in accordance with previous decisions of this court, the place of trial should be changed to the county of Saratoga, where the transactions took place which are the foundation for this action. Murray v. Minier, 16 Wkly. Dig. 117; Zeller v. Powell, 17 Wkly. Dig. 499; Maynard v. Chase (Sup.) 8 N. Y. Supp. 746; Smith v. Mack, 70 Hun, 517, 24 N. Y. Supp. 131.

The plaintiff, however, makes the objection that the defendant's moving affidavit is defective, in that it does not disclose upon what he founds his alleged expectation that the witness named by him will testify to the facts he alleges he expects to prove by them. The moving affidavit on the part of the defendant states what he expects to prove by each of the several persons mentioned by him, but does not show any reason for such expectation, or any facts from which it can be inferred that such expectations are well founded, except as to certain witnesses, who, he states, were in the employ of the defendant, from whence it possibly might be inferred that they were the ones engaged in taking the sand in question, and knew where they took it from. The necessity of stating the reason or ground of the affiant's expectation as to what the witnesses will testify to has been held in the First department (in Imgard v. Duffy, 73 Hun, 255, 25 N. Y. Supp. 865; Bushnell v. Durant, 83 Hun, 32, 31 N. Y. Supp. 608; Thurfjell v. Witherbee, 70 Hun, 401, 24 N. Y. Supp. 278; Tuska v. Wood, 81 Hun, 79, 30 N. Y. Supp. 523), and in the Fifth department (in Chapin v. Overin, 72 Hun, 517, 25 N. Y. Supp. 627, and McPhail v. Ridout, 83 Hun, 446, 31 N. Y. Supp. 934), while in the Third department it has been held that there is no necessity of the affiant's alleging what information he has which enables him to state that the several witnesses named will testify to the facts as set forth in the affidavit (Myers v. Village of Lansingburgh, 54 Hun, 623, 8 N. Y. Supp. 92, and Smith v. Mack, 70 Hun, 517, 24 N. Y. Supp. 131). In the Fourth department in the case of Gilbert v. Cart Co. (Sup.) 15 N. Y. Supp. 316, it is to be inferred from the prevailing opinion that while the absence of the reason for the affiant's expectations would not, perhaps, be regarded as a fatal defect, it would be considered as a circumstance in determining the merits of the motion.

The defendant has conformed to the practice that has existed in his district for many years, and should not be defeated for follow-

ing it now. The question is one of practice, and one which should be the same in all the departments of the state; and we do not feel prepared at present to depart from the rule that has heretofore prevailed in that portion of the present Third department which constituted the former Third department, and the major part of the present department; yet we are inclined to think that while, perhaps, it is not a fatal defect to omit to state the grounds or reasons for the affiant's expectation that the witnesses named by him will testify to the facts he alleges he expects to prove by them, still it is better practice to do so, and the failure of the affiant to make such statement may be taken into consideration by the court in passing upon the merits of the motion.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event of the action. All concur.

