### SINNIT v. CAMBRIDGE VAL. AGRICULTURAL SOCIETY & STOCK BREEDERS' ASS'N.

(Supreme Court, Appellate Division, Third Department. March 8, 1898.)

CHANGE OF VENUE—AFFIDAVIT—SUFFICIENCY.

The rule that an affidavit on a motion for change of venue, by which it appears that the moving party expects to prove certain facts by certain witnesses, but disclosing no source of information that such witnesses would swear to the facts therein stated, is fatally defective, does not prevail in the Third department of the appellate division of this court.

Appeal from special term, Albany county.

Action by George A. Sinnit against the Cambridge Valley Agricultural Society & Stock Breeders' Association. Motion by defendant to change place of trial denied, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John L. Pratt, Jr., for appellant.
Andrew Colvin, for respondent.

PER CURIAM. The order denying the motion to change the place of trial recites the reading and filing of an affidavit "by which it appears that defendant expects to prove certain facts by certain witnesses residing in Washington county, but discloses no source of information that such witnesses will swear to the facts therein stated." No affidavit was read in opposition to the motion, but it was disposed of upon

the ground above quoted.     Failure to allege upon what he founds his expectations that the witnesses named by him will testify to the facts stated is held in the First department to be a fatal defect in the moving papers, as we have heretofore pointed out in the case of Bell v. Whitehead Bros. Co., 5 App. Div. 555, 39 N. Y. Supp. 434; but we also held in the same case that such rule did not prevail in the Third department, but that the failure to make such statement might be taken into consideration in passing upon the merits of the motion.     This motion was heard in the Third, and not in the First, department; and the failure to state the source of his information or expectation was not taken into consideration in passing upon the merits of the motion, because the merits were not passed upon by the court.

The order should therefore be reversed, with $10 costs and disbursements of this appeal, and the motion remitted to the special term, to be considered upon the merits.     All concur.