GEORGE A. SINNIT, Respondent, *v.* THE CAMBRIDGE VALLEY AGRICULTURAL SOCIETY AND STOCK BREEDERS' ASSOCIATION, Appellant.

*Change of place of trial — in the third judicial department a failure to allege the grounds of the moving party's expectation that his witnesses will testify as he states is not fatal — it is to be considered in passing upon the merits.*

The rule prevailing in the first department, that on a motion for a change of the place of trial of an action, the failure to allege upon what the party founds his expectation that the witnesses named by him will testify to the facts stated in the moving papers is a fatal defect therein, does not prevail in the third department any further than that the failure to make such statement may be considered in passing upon the merits of the application.

APPEAL by the defendant, The Cambridge Valley Agricultural Society and Stock Breeders' Association, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Albany on the 27th day of December, 1897, denying the defendant's motion to change the place of trial of the action from the county of Albany to the county of Washington.

*John L. Pratt, Jr.,* for the appellant.

*Andrew Colvin,* for the respondent.

PER CURIAM:

The order denying the motion to change the place of trial recites the reading and filing of an affidavit " by which it appears that defendant expects to prove certain facts by certain witnesses residing in Washington county, but discloses no source of information that such witnesses will swear to the facts therein stated." No affidavit was read in opposition to the motion, but it was disposed of upon the ground above quoted. Failure to allege upon what the defendant founds his expectations that the witnesses named by him will testify to the facts stated, is held in the first department to be a fatal defect in the moving papers, as we have heretofore pointed out in the case of *Bell* v. *Whitehead Bros. Co.* (5 App. Div. 555); but we also held in the same case that such rule did not prevail in the third department, but that the failure to make such statement might be taken into consideration in passing upon the merits of the motion. This motion was heard in the third, and not in the first department, and the failure of the defendant to state the source of his information or expectation was not taken into consideration in passing upon the merits of the motion, because the merits were not passed upon by the court.

The order should, therefore, be reversed, with ten dollars costs and disbursements of this appeal, and the motion remitted to the Special Term to be considered upon the merits.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion remitted to the Special Term to be considered upon the merits.