(27 Misc. Rep. 586.)

SINNIT v. CAMBRIDGE VAL. AGRICULTURAL SOC. & STOCK–BREEDERS' ASS'N.

(Supreme Court, Special Term, Greene County. March, 1899.)

1. VENUE—SECOND HEARING OF MOTION FOR CHANGE—COUNTER AFFIDAVITS NOT USED ON FIRST HEARING.

Where an order denying an application to change the place of trial because of the insufficiency of the moving papers is reversed, and the motion remitted for consideration on the merits, answering affidavits, not read on the first hearing, may be read on the hearing pursuant to remittitur.

2. VENUE—APPLICATION FOR CHANGE—ANSWERING AFFIDAVITS.

An answering affidavit to an application for a change of the place of trial that states that the convenience of plaintiff's witnesses will be promoted by refusing a change, but does not show that plaintiff has stated to his counsel what he expects to prove by such witnesses, and that the latter thereafter has advised him that the witnesses are necessary and material, is insufficient.

Action by George A. Sinnit against the Cambridge Valley Agricultural Society & Stock-Breeders' Association. On motion to change the place of trial from Albany county to Washington county. Granted.

Andrew Colvin, for plaintiff.
John L. Pratt, for defendant.

CHASE, J. The motion to change the place of trial of this action was first heard at the Saratoga special term in 1897. Before the motion was heard on the merits, a preliminary objection was made relating to the sufficiency of the moving papers, and the motion was denied. An appeal was taken, and the appellate division (27 App. Div. 318, 50 N. Y. Supp. 166) reversed the order of the special term, and further ordered "that the motion be remitted to the special term to be considered upon the merits." The motion now comes on to be heard pursuant to such order. The defendant insists that the plaintiff should not be allowed to read answering affidavits now for the reason that the same were not read at the Saratoga special term. This motion should now be heard in every respect the same as it would have been heard at the Saratoga special term if the preliminary objection had then been overruled. There is no doubt that the special term, on overruling the preliminary objection, would then have heard the affidavits of the plaintiff in answer to the moving affidavits of the defendant, and the answering affidavits should now be heard and considered. The plaintiff, in his answering affidavit, states:

"That the witnesses hereinafter named are necessary and material to the plaintiff herein, and that he cannot safely proceed to trial without their testimony; that deponent verily believes that the said witnesses are necessary and material to the prosecution of his action, and that he cannot safely proceed to trial without their testimony."

The affidavit of plaintiff fails to show that he has in any way stated to his counsel the facts which he expects to prove by his witnesses, respectively, or that such witnesses are necessary and material witnesses for the plaintiff, as he is advised by his counsel, after a statement made to him of what he expects to prove by such witnesses,

and verily believes. Carpenter v. Insurance Co., 31 Hun, 78; 2 Rum. Prac. p. 137. It would be very unsafe, on a motion of this kind, to count witnesses on the simple statement of a party to the action that he believes such witnesses are necessary and material. Even if the plaintiff's affidavit was free from serious objection, the motion should still be granted on the merits. The action is brought to recover damages for an alleged breach of a contract relating to huckster privileges at a fair held by the defendant at Cambridge, N. Y. The answering affidavit of plaintiff does not show that he has in Albany county a single witness who has any knowledge of the most important questions involved in the issues presented by the pleadings. He names in his affidavit six witnesses by whom he states he expects to prove that certain space on the grounds was occupied during the fair held by defendant by persons other than the plaintiff. He also names 10 witnesses by whom he states he expects to prove the value of such space, and also the value of the space that he in fact occupied. It is evident that defendant could produce a very large number of witnesses in the immediate neighborhood of the place where the fair was held to give testimony relating to the space occupied by the plaintiff, and its value. In this case the county in which the contract was made, and where all the transactions took place, should control.

Motion granted, with $10 costs, to abide the event of the action.