ALFRED J. REMO, Plaintiff, *v.* STANLEY A. CROUNSE, Defendant.

Supreme Court, Albany County, August 31, 1928.

Trial — place of trial — change of place — action for accounting of partnership assets — business was transacted in Schenectady county — action should have been commenced there — place of trial changed from Albany county to Schenectady county.

This action was brought for an accounting of partnership assets. The plaintiff laid the venue in Albany county. The real estate of the partnership was located and the business transactions of the partnership performed in Schenectady county. The action is transitory and it should be tried in the county where the t ansactions took place, unless the convenience of witnesses demands a different place of trial.

The place of trial is changed from Albany county to Schenectady county, since the plaintiff has not shown that a greater convenience of witnesses demands that the trial be in Albany county.

MOTION to change the place of trial from Albany county to Schenectady county.

*Frances Bergan,* for the plaintiff.

*Del B. Salmon,* for the defendant.

GOLDSMITH, J. The parties to this action were partners in the manufacture of marshmallows under the name of the Star Candy Company at Schenectady, N. Y. They engaged in business on January 1, 1927, upon premises owned in common by them and their wives. They severed relations on March 21, 1927, the defendant continuing in possession of the business and filing a notice with the Schenectady county clerk that he was conducting said business under the designation of Star Candy Company (an assumed name). The plaintiff then commenced a partition action which adjudicated the interests of the parties in the real property. About May 15, 1928, plaintiff instituted this action for an accounting of the partnership business. The defendant claims that there has been a dissolution of the partnership and disposition of the assets.

The major transactions involving the parties, and the business of the partnership, were carried on in the city of Schenectady. The real estate of the partnership was situated in that city and the bank accounts were kept in its banking institutions. The defendant, during all the times mentioned, has been a resident of Schenectady. The plaintiff, who alleges that he has resided in the city of Albany for more than a year, has brought this action in Albany county. This is a transitory action. It should be tried in the county where the transactions took place which are the foundation for this action unless the convenience of witnesses demands a different venue. (*Jacobs* v. *Davis,* 65 App. Div. 144; *Lutfy* v. *Sullivan,* 119 id. 506; *Harrison* v. *Holahan,* 122 id. 740; *Studebaker Bros. Co.* v. *W. N. Y. & P. Traction Co.,* 140 id. 308.) Both parties propose to call a large number of witnesses. The number of witnesses whose convenience may be legally recognized is about equal on each side. The convenience of witnesses, therefore, appears to be a negligible feature of this motion. In the absence of a showing by the plaintiff of the greater convenience of witnesses, the action should be tried in the county where the transactions between the parties occurred. (*Bell* v. *Whitehead Bros. Co.,* 5 App. Div. 555; *Jacina* v. *Lemmi,* 155 id. 397; *Gilliland* v. *Konta,* 206 id. 685.)

Motion to change the place of trial from Albany county to Schenectady county granted, with ten dollars costs.